STATE of Missouri, Respondent,

v.

Maynard Merhl SMITH, Appellant.

No. 47990.

Supreme Court of Missouri,

Division No. 1.

Feb. 13, 1961.

Chas. M. Shaw, Clayton, for appellant.

John M. Dalton, Atty. Gen., Moody Mansur, Asst. Atty. Gen., for respondent.

WESTHUES, Presiding Judge.

Defendant Smith was tried before a jury in the Circuit Court of St. Louis County, Missouri. The jury, by its verdict, found defendant guilty of burglary and stealing. His punishment was fixed at two years' imprisonment in the State Penitentiary for the burglary and two years for stealing. A motion for new trial was overruled and defendant appealed from the sentences imposed.

Defendant has not filed a brief in this court. In the motion for new trial, he alleged that the State failed to prove that the offense of stealing had been committed; that the instructions failed to define burglary and stealing properly; and that evidence of an alleged confession should not have been admitted for the reason that the evidence disclosed the defendant was so intoxicated at the time that he did not know' what he was doing.

The evidence as to what occurred shows the following: Early in the morning of January 7, 1959, at about 3:30 o'clock, the Wellston police were notified that a window of a store building of The Atlantic and Pacific Tea Company at 6356 Easton Avenue had been broken. The police, upon investigation, found that iron bars covering a window had been sawed and removed and that two doors had been broken. Inside the store, a shopping cart was found standing near an outside door. The cart was filled with merchandise valued at more than $100. Defendant was found hiding behind the furnace located in the basement. Defendant was taken to a police station where he, at about 5 o'clock that morning, signed a statement that he had sawed the bars and broken the doors to gain entrance to the storeroom; further, that he had placed the merchandise in the cart and pushed it to the place where the officer found it. A number of witnesses testified that the defendant had voluntarily given the information contained in the statement signed by him. These witnesses further testified that the defendant had been drinking but that he apparently knew what he was doing and was not drunk.

Defendant's evidence was, as defendant testified, that he remembered tearing a screen from a window of the store building but that that is all he remembered. Specifically, he said that he did not remember that he had sawed the bars, broken the doors, or that he had placed the merchandise in the cart, or that he had hidden behind the furnace. Defendant's wife testified that a police officer called her early on the morning in question and informed her where they had found her husband; that the officer had said to her, " 'Well, we have him here. He's drunk as a fool.' "

It is apparent that the question of whether defendant knew what he was doing when he answered questions about the breaking and theft was one of fact for a jury to decide. Furthermore, the general rule is that voluntary intoxication is not an excuse for the commission of an offense. 22 C.J.S. Criminal Law § 66, p. 130; State v. Shipman, 354 Mo. 265, 189 S.W.2d 273, loc. cit. 274(1). The rule governing confessions or admissions made while the defendant is under the influence of liquor may be found in 22 C.J.S. Criminal Law § 828, p. 1452, where it is stated, "The fact that accused was more or less intoxicated when he confessed does not exclude the confession if he had sufficient mental capacity to know what he was saying. The rule is stated by some authorities to be that intoxication, less than mania, does not exclude a confession made during its con-

tinuance. However, the fact of intoxication may be considered by the jury as lessening the weight of the confession; and confessions by one who was so drunk that he did not understand what he was saying are not competent."

■ The defendant's contention that the evidence was insufficient to sustain the charge of stealing is without merit. The property alleged to have been stolen had been taken from the place it was stored and had been deposited in a cart. The cart was found near an outside door. The evidence justified a finding that the loaded cart had been pushed to the door by the defendant after he had loaded it with merchandise. The fact that defendant did not succeed in getting the goods outside the building does not defeat the charge of stealing. See State v. Ruyle, Mo., 318 S.W.2d 218, loc. cit. 220, 221(3, 4).

■ In the motion for new trial, defendant alleged that error was committed by the trial court in failing to define properly the words "stealing" and "burglary." Defendant failed to specify wherein the instructions were deficient. By the court's instruction No. 2, the elements of stealing were defined in the words of the statute, Sec. 560.156, RSMo Cum.Supp.1957, pp. 1317, 1318, V.A.M.S. That was sufficient for the guidance of the jury.

■ Instruction No. 1, given by the court, submitted the question of whether defendant committed burglary. It required the jury to find all the elements of burglary before a conviction was authorized. The instruction further defined burglary. Note the wording of the instruction: "If, upon consideration of all the facts and circumstances in the case, and in the light of the Court's Instructions, you find and believe from the evidence, beyond a reasonable doubt, that at the County of St. Louis and State of Missouri, on the 7th day of January, 1959, the defendant did feloniously, burglariously and forcibly break and enter into the store, shop and building of The Atlantic and Pacific Tea Company, a corporation, in the County of St. Louis, State of Missouri, with the felonious intent then and there to steal therein and if you further find that in said store, shop and building, goods, wares, merchandise and personal property of any kind and of some value, however small, were at the time by the said Atlantic and Pacific Tea Company, a corporation, kept and deposited, then you will find the defendant guilty of Burglary in the Second Degree, and unless you so find the facts to be, you will acquit the defendant of Burglary in the Second Degree.

"Before you can find the defendant guilty of Burglary in the Second Degree, you must find from the evidence, beyond a reasonable doubt, that he both broke and entered said store, shop and building, but to constitute such breaking, no particular amount of force is necessary.

" 'Feloniously,' as used in these instructions, means wickedly and against the admonition of the law, that is, unlawfully.

" 'Burglariously,' as used in these instructions, means with an intent to commit burglary."

This court, in the case of State v. Turner, 272 S.W.2d 266, loc. cit. 271, 272(16), had before it the same contention now made by the defendant in this case. What was there said disposes of this point against defendant.

We have examined the record as required by Rule 28.02 and find no prejudicial error therein.

The judgment is affirmed.

All concur.