**KANSAS CITY, Missouri, Respondent,**

v.

**Michael H. VERSTRAETE, Appellant.**

**No. 25842.**

Missouri Court of Appeals, Kansas City District.

June 5, 1972.

Lillie Knight and W. Raymond Hedrick, Kansas City, for appellant.

Aaron A. Wilson, City Counselor, and Louis W. Benecke, City Prosecutor, Kansas City, for respondent.

PRITCHARD, Judge.

In this appeal from a conviction of operating a motor vehicle while under the influence of alcohol (Section 34.113, Revised Ordinance of Kansas City), a main issue is whether there was sufficient evidence of appellant's driving the vehicle (a part of the corpus delicti) so as to cause appellant's out of court statements to be admissible.

On March 20, 1971, at approximately 7:35 p. m., Officer Richard K. Weidemeyer was dispatched to 4018 Warwick in Kansas City to investigate an accident. He found appellant at the scene, and talked with him there. "A The defendant stated to me when I asked him my questions about the circumstances that, in his opinion, he didn't think that he had struck anything." The officer smelled an odor of alcoholic liquor on appellant's breath when he was talking to him. "Q Had he been driving a car, or do you know? A Yes, he stated that he had been driving a car." Appellant stated that he had had three or four highballs at Chez Charlie's on Broadway. The officer gave appellant a walking balance test at the police station and also, being qualified to do so, a breathalyzer test. "A Well, I had him stand erect with his hands down to his sides looking straight ahead, pointed out a crack in the tile on the floor and instructed him to walk towards me heel to toe, and in performing this walking test his—his balance was swaying in his walking and was quite pronounced as he walked towards me." Appellant was somewhat uncertain in turning around to walk away from the officer. He appeared to try to make his turn in a smooth, sweeping action. He was quite hesitating and had to put his foot out to maintain his balance. Upon shining a flashlight in appellant's eyes the officer received a very slow reaction to the pupils becoming smaller. The breathalyzer test resulted in a blood alcohol reading of "Point two-zero percent."

On cross-examination Officer Weidemeyer testified that when he first saw appellant he was walking around in front of the sidewalk at 48th (40th?) and Warwick. On re-direct examination it was further developed that appellant's car was parked down the street about 50 to 75 feet against the curb and headed south. He was among a crowd of people in the immediate vicinity where a bicycle had hit a pole.

Relying upon City of St. Louis v. Watters, Mo.App., 289 S.W.2d 444, and State v. Summers, Mo., 362 S.W.2d 537, appellant contends that there was not sufficient evidence of the corpus delicti, and that his uncorroborated extrajudicial statements, "in his opinion he didn't think he struck anything," and that "he stated he had been driving a car" were erroneously admitted by the court. In essence the argument is that the City rested its case entirely upon appellant's out of court statements.

In the Watters case there was insufficient evidence (by independent proof) that appellant had falsely reported a law violation to a police officer. All that was in the case was evidence that after a (later) polygraph test, appellant told the officers that his prior report of the robbery was false. The court held the statement did not prove the corpus delicti (i. e. that appellant had made a false report to a law officer), and was inadmissible. "It is established law in Missouri that when the corpus delicti has not been sufficiently

proven, an uncorroborated extrajudicial confession of guilt cannot be regarded as evidence tending to show guilt. (Citing cases.) Yet this rule does not require full proof of the body of the offense, independent of the confession. If there is evidence of corroborating circumstances independent of the confession, which tends to prove the offense by confirming matters related in the confession, both the corroborating circumstances and the confession may be considered in determining whether or not the corpus delicti has been established." (Citing cases.) (289 S.W.2d 446[2–4]). The Summers case also sets forth the exclusionary rule, and says (362 S.W.2d 542[13]), "Unless there is independent proof, *either . circumstantial or direct*, of the essential elements of the corpus delicti, extrajudicial admissions * * * are not admissible * * *." (Italics added.)

■ Appellant's contention must be sustained. Independent of his admissions to the officer, there was *no* evidence from any source that prior to the time Officer Weidemeyer observed appellant walking around on the sidewalk he was operating his motor vehicle. This is an essential element of the offense charged, and the burden to prove it was upon the City. State v. Chester, Mo.App., 445 S.W.2d 393, 396[3–5]. The circumstantial evidence that appellant's car was parked headed south against the curb 50 to 75 feet from where the officer first saw appellant does not support an inference that he was driving it prior to that time. Distinguishable upon the quantity and quality of the circumstantial evidence is State v. Kissinger, 343 Mo. 781, 123 S.W.2d 81, relied upon by the City. There the Ford car owned by defendant was seen six miles from the place where it was left by a wrecker which had towed it into Camden County. Defendant was then seen approaching the car, which was out of gasoline, with a can of that fuel. Defendant's wife was sitting in the car but not in the driver's seat. On these much stronger facts there was held to be sufficient circumstantial evidence to show that defendant drove the car in Camden County, notwithstanding that no witness testified that he saw him drive the car. In State v. Chester, Mo.App., 445 S.W.2d 393, also relied upon by the City, the defendant testified at the trial and admitted driving the car, and there was no issue of an extrajudicial statement being made by him in the case; nor was there an issue of the establishment of the corpus delicti solely by any such statements. In State v. Darabcsek, Mo., 412 S.W.2d 97, the issue was whether the officer had reasonable cause to arrest defendant for driving while intoxicated so as to justify a later search and seizure. The evidence was that defendant, at the time of the arrest, was trying to operate his car back onto the highway from a shoulder and ditch, which "car had very obviously just come off that highway." In no case cited or found here has any judgment of conviction been affirmed upon comparable circumstantial evidence to that of the case at bar. The principle of the Watters and Summers cases applies, and the conclusion is that the court erred in admitting into evidence appellant's extrajudicial statements without sufficient independent proof of the corpus delicti from which it could be exclusively found that he was driving the car.

The judgment is reversed.

All concur.