STATE of Missouri, Plaintiff-Respondent,

v.

Zelmar L. EASLEY, Defendant-Appellant.

No. 35684.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Oct. 29, 1974.

Marglous & Marglous, Ray B. Marglous, Clayton, for defendant-appellant.

Thomas W. Shannon, Pros. Atty., Kenneth S. Kochman, Asst. Pros. Atty., St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

This is an appeal from a judgment of conviction entered by the Judge of the St. Louis Court of Criminal Correction in a court-tried case, finding the defendant, Zelmar Easley, guilty of driving a motor vehicle while intoxicated. § 564.440, RSMo 1969, V.A.M.S.

Defendant challenges the conviction by posing for our consideration five allegations of error. We find none of the allegations to be convincing, and, accordingly affirm the judgment.

Defendant's first claim as to the sufficiency of the evidence to support the judgment causes us to review the evidence. On March 25, 1973, at 1:20 A.M., an accident occurred between two motor vehicles at the intersection of Blair and Hebert Streets in the City of St. Louis, Missouri. Officer Michael Janz, a member of the St. Louis Police Department, testified that when he arrived at the scene he observed two vehicles—one, facing south on Blair, a north-south street, the other, a 1966 Buick, parked in the middle of the intersection. In the vehicle that faced south a Miss Lula Sneed was seated in the driver's seat. Defendant was standing in the middle of the intersection about ten to fifteen feet from the Sneed automobile and about two feet from the Buick automobile. Further testimony from Officer Janz showed that the Sneed automobile was damaged on the left side and front and the 1966 Buick was damaged on the right side and right front. Officer Janz testified that in answer to his question, "What happened?" defendant said that he had been traveling west on Hebert at Blair Street and he thought that the other automobile had run the stop sign and had run into him. Officer Janz observed that defendant swayed, his speech slurred, and that he smelled of alcohol. After Officer Janz placed defendant under

arrest and explained to him his rights, defendant consented to take a breath alcohol test. The test results showed the blood alcohol content to be .23%, and the defendant stipulated to the results. Also, after being qualified as an expert, Officer Janz, based upon his observation, stated that, in his opinion, defendant was intoxicated. Neither Miss Sneed nor Officer Janz saw defendant operate the 1966 Buick, but after the accident defendant's car was driven to the curb and the keys were given to and accepted by him.

Over objection, the prosecution was permitted to and did put before the court, pertaining to the ownership of the 1966 Buick, testimony that a police check on the license plate of the Buick brought back a reply that the questioned vehicled belonged to the defendant.

Miss Lula Sneed testified that on the occasion in question after making a stop, she drove into the intersection and her vehicle was struck by a light colored car. She said that she was rendered temporarily unconscious and when she awoke she saw Officer Janz and the defendant standing next to her automobile.

In evaluating the sufficiency of the evidence to support a verdict, we consider as true all substantial evidence favorable to the verdict and disregard all unfavorable evidence. State v. Chester, 445 S.W.2d 393 (Mo.App.1969). Defendant argues that his admissions to the police officer and the hearsay testimony about the ownership of the Buick automobile are the only pieces of evidence presented by the state to prove his guilt.

■ Beyond a reasonable doubt the state, to establish a defendant's guilt under § 564.440, RSMo 1969, V.A.M.S., must prove (1) that the person charged drove or operated a motor vehicle, and (2) at the time he did so he was intoxicated. Inasmuch as there is no controversy about defendant's intoxication the question is whether there was substantial evidence to

show that on March 25, 1973, at 1:20 A.M., defendant drove and operated the 1966 Buick automobile. Here two witnesses established that an accident occurred and that defendant was present; he accepted the keys to the car after the vehicle was driven to the curb and he admitted driving on Blair Street just before the accident. Consequently, we hold that at least a prima facie case was made for the court's consideration and, therefore, rule this claim against defendant.

■ As we understand defendant's second claim it concerns itself with the order of proof. Stated another way, he claims error because the court permitted his admission to Officer Janz to come into evidence without first hearing proof of the corpus delicti. There is no hard and fast rule that evidence of the corpus delicti must precede the admission of defendant, so long as the essential elements of the crime are proved by the end of the trial. State v. Pierson, 337 Mo. 475, 85 S.W.2d 48 (1935); State v. Deyo, 358 S.W.2d 816 (Mo.1962). Although the order of proof is not crucial in the trial procedure, the amount and quality of the proof required to establish the corpus delicti is very important. In all cases full proof of the corpus delicti is not necessarily independent of the admission. See State v. McQuinn, 235 S.W.2d 396 (Mo.1951), wherein the McQuinn court cites State v. Skibiski, 245 Mo. 459, 150 S.W. 1038 (1912), for the proposition that the proof of the corpus delicti and the admission can be considered together and the sum of the two can go to prove the essential elements of the crime. Unlike Kansas City v. Verstraete, 481 S.W.2d 615 (Mo.App.1972), the instant case shows a vehicle accident happened within the intersection, both cars damaged, defendant standing within two feet of the damaged car parked in the intersection and defendant's acceptance of the keys to the damaged 1966 Buick automobile. Clearly, these are corroborating circumstances independent of the admission which tends to prove the offense by confirming matters

recited in the admission. Thus, we rule this allegation against defendant.

■ Defendant's third claim is that the test results of .23% show that his intoxication was so extreme as to render his statement inadmissible. In State v. Heather, 498 S.W.2d 300 (Mo.App.1973), the court declared the test was whether the statement was reliable; i. e., if the statement is the product of a rational intellect and a free will, it is admissible—the fact of intoxication going only to the weight and credibility to be accorded the statement. Our Supreme Court, in State v. Smith, Mo., 342 S.W.2d 940 (1961) declared that a statement is admissible if the defendant had mental capacity to know what he was saying. Here, although the defendant was drunk, he responded to questions, accepted his car keys, and agreed to take the breath test after Officer Janz explained the consequences of a refusal to him. Under the circumstances we see no reason for the admission to have been excluded from the trier of fact, but, on the contrary, the evidence shows that defendant was rational and in control of himself.

■ In answer to the question as to whether the trial court committed error in accepting evidence received over the radio by the police that defendant owned the 1966 Buick automobile, we hold that such evidence was hearsay and should have been excluded. This evidence was offered to prove ownership; however, we hold the error to be harmless inasmuch as defendant admitted operation of the automobile. Moreover, where one is charged with the operation of a vehicle while in an intoxicated state, the ownership of an automobile is immaterial. All that is necessary is the fact of operation of the motor vehicle while in an intoxicated state.

■ Finally, we hold that the court did not commit error in the reception of defendant's admission that he operated the car because of the officer's failure to give him his Miranda warnings. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966). In State v. Neal, 476 S.W.2d 547 (Mo.1972), our Supreme Court said that a *Miranda* warning is not necessary in misdemeanor cases involving operation of motor vehicles and is not necessary for admissions made to officers by people involved in motor vehicle offenses either before or after arrest. Here, there was no custodial inquiry and the administration of a warning would have effectively slowed up and possibly destroyed the investigation of the accident.

Judgment affirmed.

SIMEONE, P. J., and GUNN, J., concur.