**STATE of Missouri, Respondent,**

v.

**Mark Lewis HUNZIKER, Appellant.**

**No. 33343.**

Missouri Court of Appeals,
Western District.

Aug. 17, 1982.

Hines & Magee, L. R. Magee, Kansas City, for appellant.

Wm. N. Marshall, Harrisonville, for respondent.

Before KENNEDY, P. J., and WASSERSTROM and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a judgment of conviction for careless and imprudent driving in violation of § 304.010, R.S.Mo. 1978. The judgment is affirmed.

Four points are presented which in summary charge the trial court erred in (1) its denial of appellant's motion of acquittal because respondent failed to prove beyond a reasonable doubt the elements of the offense charged; (2) its denial of appellant's motion of acquittal because respondent failed to prove appellant operated a motor vehicle in a careless and imprudent manner; (3) in its denial of appellant's motion of acquittal because respondent failed to prove appellant operated a motor vehicle in a manner which was dangerous to other persons or property; and (4) the information was defective for failure to comply with Rule 23.01(b).

The record reveals one Beulah Creason was operating her motor vehicle southbound on U. S. Highway 71 in Cass County, Missouri. The date was January 13, 1981. It was about 6:00/6:30 p. m. She testified her motor vehicle was struck from behind by a truck. She further stated a man approached her motor vehicle, but before she could alight from her vehicle, an automobile hit the rear of her vehicle. She testified her car was struck twice and that the first impact was caused by a truck and the second by an automobile. She further stated she did not observe the other drivers.

One James Johnson testified he was driving on U. S. Highway 71 when he noticed an erratic pattern of headlights. As he got closer, he observed a Vega automobile sitting across the right-hand lane. A lady was sitting in the Vega. As he was attempting to help the lady from the Vega, he observed another automobile approaching the Vega. He told the lady to stay in the Vega and as he jumped out of the way, this automobile struck the Vega. He also observed a Ford Station Wagon sitting on the median but could not determine if the station wagon had been involved in the collision. Johnson could not identify appellant as having been a driver in the collision.

Appellant appeared after Johnson removed the lady from the Vega. Another witness, a highway patrolman, testified he responded on call to the scene. When the patrolman arrived, he observed the Vega in the west ditch and a Fairmont automobile sitting on the inside shoulder, plus a lot of other vehicles at the scene. He observed a Ford Station Wagon with nobody in it. He observed extensive damage to the rear end of the Vega, including the fact the taillights were missing. Upon inspection, the patrolman found a Vega taillight inside the grill of the Ford Station Wagon. It appeared the taillight had come from the Vega at the scene.

Over appellant's objection, the patrolman was permitted to testify he interviewed appellant at the scene and during this interview appellant admitted he was involved in the collision. The patrolman testified appellant told him that he (appellant) had fallen asleep while driving his vehicle and awakened when he heard the impact. The patrolman identified appellant. Appellant admitted to having been the operator of the Ford Station Wagon.

Prior to the testimony of the patrolman, Beulah Creason testified without objection that after she alighted from her vehicle (the Vega), appellant approached her, put his arm around her and said he had fallen asleep and he was sorry he had hit her.

Appellant offered no evidence, electing to stand on his motion for acquittal. The motion was overruled, appellant adjudged guilty and a fine of $100 was assessed. This appeal followed.

Under point (1), appellant contends the evidence upon the whole of the record fails to prove the corpus delicti. It is appellant's contention the evidence failed to prove he was operating a motor vehicle.

The entirety of appellant's first point rests upon whether the portion of the patrolman's testimony concerning the interview of appellant included inadmissible extrajudicial statements. It is appellant's contention that such claimed statements were inadmissible and that the corpus delicti had not been established since the patrolman had not witnessed the collision and Creason and Johnson could not identify any of the drivers. Appellant cites *Kansas City v. Verstraete,* 481 S.W.2d 615, 617 (Mo.App. 1972), and from the following quoted portion of that opinion contends *Verstraete* is squarely dispositive of this case:

"... It is established law in Missouri that when the corpus delicti has not been sufficiently proven, an uncorroborated extrajudicial confession of guilt cannot be regarded as evidence tending to show guilt. (Citations omitted).... The Summers case also sets forth the exclusionary rule, and says (362 S.W.2d 542[13]), 'Unless there is independent proof, *either circumstantial or direct,* of the essential elements of the corpus delicti, extrajudicial admissions ... are not admissible.' "

In rebuttal, respondent points out, and this court thinks correctly, that *Verstraete,* when considered in its full text, is much broader in scope as to the rule pronounced therein. In the first instance, it should be pointed out that in *Verstraete,* there was absolutely no additional evidence (absent the defendant's statement) that the defendant operated a vehicle. In the instant case, the evidence revealed a collision had occurred and appellant was present at the scene. In addition, Creason identified appellant, without objection, and stated appel-

lant admitted to falling asleep and having expressed his sorrow for hitting her. In his argument, appellant does not allude to this testimony, but attacks that of the patrolman. In addition, physical evidence revealed damage to the Ford Station Wagon, including the fact a Vega taillight was in the grill of the Ford Station Wagon.

*Verstraete,* in addition to the above quote offered by appellant, also pointed out (quoting from *City of St. Louis v. Watters,* 289 S.W.2d 444 (Mo.App.1956):

"Yet this rule does not require full proof of the body of the offense, independent of the confession. If there is evidence of corroborating circumstances independent of the confession, which tends to prove the offense by confirming matters related in the confession, both the corroborating circumstances and the confession may be considered in determining whether the corpus delicti had been established."

As pointed out by respondent, the real question herein is not that a collision occurred, but rather that it was caused by *someone.* This case comes within the rule declared in *State v. Black,* 611 S.W.2d 236, 240 (Mo.App.1980), quoting from *State v. Samens,* 362 S.W.2d 537 (Mo.1962):

"The corpus delicti cannot be presumed and must be proved by legal evidence to show the crime charged has been committed by someone."

This court concludes the instant case comes within *Black, Samens,* and that portion of *Verstraete,* which declares:

"Yet the rule does not require full proof of the body of the offense, independent of the confession. If there is evidence of corroborating circumstances independent of the confession which tends to prove the offense by confirming matters related in the confession both the corroborating circumstances and the confession may be considered in determining whether or not the corpus delicti has been established."

■■ The court did not err in permitting the patrolman to testify as to state-

**336**

ments and admissions made by appellant. The testimony on the same point by Creason was admissible upon the same basis. Based upon the whole record, there was sufficient evidence to prove the manner in which appellant operated his motor vehicle at the time of the collision. Point (1) is found to be without merit and is ruled against appellant.

Under point (2) appellant contends the trial court erred by its denial of his motion for acquittal because the evidence failed to prove appellant operated a motor vehicle in a careless and imprudent manner.

Without repeating the evidence referenced above, it suffices to state that the physical damage to the front portion of the Ford Station Wagon, including the presence in the station wagon grill of a taillight from a Vega, damage to the rear end of the Vega and the admissions of appellant that he fell asleep and was awakened by the crash, is sufficient to support a finding by the trial court that appellant operated a motor vehicle in a careless and imprudent manner in violation of § 304.010, R.S.Mo.1978. There is no merit to appellant's point (2) and it is ruled against him.

Under point (3) appellant contends the trial court erred in its denial of his motion for acquittal because the evidence failed to prove he operated a motor vehicle in a manner which was dangerous to other persons or property.

Again, it is not necessary to restate the above-referenced evidence and it suffices to state that the evidence revealed appellant fell asleep while operating a motor vehicle, struck the rear of the Vega automobile and caused damage to the property and person of another. Section 304.010 prescribes that persons shall operate motor vehicles with the "highest degree of care". The evidence supports the trial court's conclusion that appellant failed to operate a motor vehicle with the "highest degree of care". There is no merit to point (3) and it is ruled against appellant.

In his final point (4) appellant challenges the validity of the information filed against him because it did not plainly, concisely and definitely state the essential facts constituting the offense charged, thus violating Rule 23.01(b)(2).

In his brief, appellant makes direct attack upon the information and sets it forth therein. The problem with this entire alleged error is that appellant was tried pursuant to an *amended information*. The record reveals the *amended* information was read to appellant and he made no objection to it.

A reading of the amended information reveals it included the following:

"... the defendant failed to exercise the highest degree of care while operating a motor vehicle by *overtaking and striking another motor vehicle in the rear* and thereby endangered the property of another". (Emphasis added)

This court concludes the amended information did comply with Rule 23.01(b)(2). Point (4) is found to be without merit and is ruled against appellant.

For and upon the foregoing reasons, the judgment is in all respects affirmed.

All concur.