**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Carolyn Jean DAVISON,
Defendant-Appellant.**

No. 13322.

Missouri Court of Appeals,
Southern District,
Division Two.

March 22, 1984.

Motion for Rehearing or Transfer
Denied April 13, 1984.

Application to Transfer Denied
May 15, 1984.

Thomas E. Mountjoy, Pros. Atty., Darrell L. Moore, Asst. Pros. Atty., Springfield, for plaintiff-respondent.

T. Patrick Deaton, Jr., Public Defender, Springfield, for defendant-appellant.

MAUS, Presiding Judge.

In this court tried case, the defendant was found guilty of driving while intoxicated in violation of § 577.010. The court sentenced her to 40 days in jail, but suspended execution of the sentence and placed her on probation for one year. As conditions of her probation, she was ordered to serve 10 days in jail and to participate in an alcohol safety program. She presents three points on appeal.

Upon review, "the evidence and all reasonable inferences deducible therefrom must be considered in the light most favorable to the State and all evidence and inferences to the contrary must be rejected." *State v. Gardner,* 518 S.W.2d 670, 673 (Mo. App.1975). When the record is so viewed, there was evidence to establish the following. At approximately 10:30 p.m. on June 29, 1982, the defendant came to the attention of two deputy sheriffs on routine patrol. An automobile had left a county road and hit a guard rail. It crossed the roadway, struck a guard rail on the opposite side and came to rest in the ditch. One of the tires on the automobile was blown out. The defendant was standing by the automobile. Two children of the defendant, three and five years old, were in the automobile. Her husband was in the process of moving the automobile with a wrecker. There were no bottles or cans for intoxicating liquor in the area.

When the deputies arrived, the defendant told them she had blown a tire and they did not need help. The group was together approximately 45 minutes awaiting a highway patrolman. During that period, the defendant told the deputies she had been driving and had a blowout. She repeated that statement to the highway patrolman. She also said to one of the deputies that she had her two children with her, and that was all.

The three law enforcement officers observed the defendant. Her speech was slurred, she staggered and her breath bore a heavy odor of alcohol. Each officer testified that in his opinion the defendant was

**254**

intoxicated. When arrested, she became abusive and belligerent. She kicked one officer, hit another and stuck a cigarette in the eye of the third. At the county jail, she refused to take the breathalyzer test.

■ The defendant's first point is that the trial court committed reversible error by admitting evidence of that refusal. Under § 564.444 (now repealed), the Western District of this court held that in a jury trial it was such error to admit such evidence. *City of St. Joseph v. Johnson*, 539 S.W.2d 784 (Mo.App.1976). The state contends that decision is no longer applicable under present § 577.020. It cites *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). Conflicting authorities on divergent statutes are collected in Annot., Evidence—Alcohol Test—Refusal, 87 A.L.R.2d 373 (1963). However, for the disposition of this case it is not appropriate to determine the admissibility of that evidence. Even assuming it was inadmissible, considering all of the evidence, there is no reason to think the trial court relied upon inference rather than the strong direct evidence of the three experienced officers. "In a jury waived case, ... it is presumed that the court will not be confused or misled, and that the court will only consider the evidence which is competent and relevant." *State v. Travis*, 625 S.W.2d 630, 631 (Mo.App.1981). Under the rules applicable to this review of this court tried case, the error, if any, was harmless and the point is denied. *State v. Travis*, supra. Also see *State v. Jackson*, 643 S.W.2d 74 (Mo.App.1982); *State v. Bellew*, 586 S.W.2d 461 (Mo.App.1979); *State v. Cook*, 530 S.W.2d 38 (Mo.App.1975).

■ The defendant's second point is that the state did not prove the corpus delicti by evidence independent from her admission she was driving the automobile. However, the rule is that full proof, independent of her admission is not required, "[a]ll that is required is evidence of corroborating circumstances tending to prove the corpus delicti and corresponding with circumstances related in the confession." *State v. Charity*, 587 S.W.2d 350, 353 (Mo.App.

1979). There was independent evidence the automobile had left the roadway and of the defendant's intoxication. Considering all of the evidence, there was sufficient evidence of corroborating circumstances. *State v. Hahn*, 640 S.W.2d 509 (Mo.App. 1982); *State v. Easley*, 515 S.W.2d 600 (Mo.App.1974).

The defendant's last point is that the evidence is insufficient to support the conviction. She acknowledges her admission she was driving the automobile and the evidence of her intoxication. But, she contends there is no evidence of the time she was driving the automobile. Hence, she argues there is no evidence she was intoxicated at the time she was driving. She cites cases such as *State v. Kennedy*, 530 S.W.2d 479 (Mo.App.1976); *State v. Dodson*, 496 S.W.2d 272 (Mo.App.1973).

■ The state was required to prove the defendant was intoxicated when she was driving. However, the required proof may be by circumstantial evidence. *State v. Woods*, 637 S.W.2d 113 (Mo.App.1982). That circumstantial evidence is not required to demonstrate the impossibility of innocence. *State v. Blair*, 631 S.W.2d 91 (Mo.App.1982). The facts of the cases cited by the defendant are readily distinguishable. The totality of the evidence in this case provides the required basis for a determination the defendant on the evening in question was driving the automobile while intoxicated when, either before or after a tire blew out, it left the roadway in the manner indicated. She and her children were at the scene. There was testimony there was no evidence of intoxicants at the scene. Her husband, apparently after being notified, obtained a wrecker to remove the automobile. To conclude otherwise requires a supposition that the defendant, at some other time, was driving the automobile while sober, left the scene, became intoxicated, and at 10:30 at night, returned with her husband and two small children for the purpose of removing the automobile. The trial court was not compelled to make this supposition. "A submissible case may rest purely upon circum-

stantial evidence, provided that the facts and circumstances are: consistent with each other; consistent with the hypothesis of guilt; and inconsistent with any reasonable hypothesis of innocence." *State v. McGowan*, 636 S.W.2d 354, 356 (Mo.App. 1982). The facts of this case meet those requirements. *State v. Easley*, supra. The judgment is affirmed.

HOGAN and PREWITT, JJ., concur.