**STATE of Missouri, Respondent,**

v.

**Garry Edward FRIESEN, Appellant.**

**No. WD 37876.**

Missouri Court of Appeals,
Western District.

March 3, 1987.

Andrew C. Webb, Sedalia, for appellant.

Jeff Mittelhauser, Sedalia, for respondent.

Before CLARK, C.J., and SHANGLER and NUGENT, JJ.

NUGENT, Judge.

Garry E. Friesen appeals the judgment of the trial court convicting him of driving while intoxicated. The defendant claims that an extrajudicial statement he allegedly made to the state trooper implying that he was the driver of the truck was not admis-

sible absent separate, independent proof of the corpus delicti. Defendant also claims that the conviction is not supported by the weight of the evidence and moreover, that, the evidence offered by the state was incompetent as well as insufficient.

Finding defendant's first point dispositive of the appeal, we reverse the conviction.

Whether the state properly established that someone drove the truck while intoxicated is the critical question. On September 22, 1985, Garry Friesen attended a barbecue at a friend's house in Jefferson City. He arrived at the barbecue early in the day, visited with friends, ate dinner, and drank several beers and some liquor. He left with his roommate, Arnold LeFever, at about ten o'clock that evening to return to their home in Sedalia, Missouri. Around eleven o'clock, when the defendant and Mr. LeFever reached Sedalia, one wheel of their pickup truck became stuck in a culvert. The two men got out of the truck to assess the situation. About five minutes later, a car passed. The defendant waved his hand for assistance and the car—a Missouri Highway Patrol car driven by Trooper Clyde Townsend—returned. Keith Buescher, Deputy Sheriff for Pettis County, was a passenger in the patrol car.

Trooper Townsend testified that the defendant approached him and said, "I overshot the driveway," thereby implying that he had been the driver of the truck when it went into the ditch. However, the trooper and at no time saw either defendant Friesen or Mr. LeFever driving or seated in the truck. He stated that he did not inspect the truck to see if the keys were in the ignition. Trooper Townsend asked who owned the truck and in whose name it was registered. Defendant said that it was his and was so registered. Then he asked defendant if he had been drinking. Defendant said, "Yes," and at some point stated that he had his last drink at about 1:45 p.m. The officer did not ask the defendant or Mr. LeFever whether defendant had been driving. The trooper did not give the defendant a field sobriety test but instead decided to take him to the county jail to administer a breathalyzer test. Trooper Townsend spoke briefly with Mr. LeFever,

directing him to stay with the vehicle until the tow truck arrived, but he did not ask Mr. LeFever whether he, too, had been drinking or whether he had driven the truck.

Deputy Sheriff Buescher's testimony corroborated that of Trooper Townsend. He, too, recalled that when he approached the patrol car defendant said, "I overshot the driveway."

## I.

■ Extrajudicial admissions, statements or confessions of the accused are not admissible in evidence absent independent proof, either circumstantial or direct, of the essential elements of the corpus delicti. *State v. Johnston*, 670 S.W.2d 552, 554 (Mo.App.1984), citing *State v. Summers*, 362 S.W.2d 537, 542 (Mo.1962), and *State v. Cooper*, 358 Mo. 269, 214 S.W.2d 19, 20 (1948). The corpus delicti consists of two elements: (1) proof, direct or circumstantial, that the specific loss or injury occurred, and (2) someone's criminality as the cause of the loss or injury. *Id.*, citing *State v. Worley*, 375 S.W.2d 44, 46 (Mo. 1964); *State v. Hawkins*, 165 S.W.2d 644, 646 (Mo.1942); *State v. Summers*, 506 S.W.2d 67, 71 (Mo.App.1974), and *State v. Celmars*, 399 S.W.2d 145, 147 (Mo.App. 1966). Proof of the corpus delicti need not include proof of defendant's connection with the crime charged. *Id.* citing *State v. Wood*, 596 S.W.2d 394, 402 (Mo.1980) (en banc), *cert. denied*, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). In other words, proof of the criminal agency of the defendant is not a prerequisite to admitting his confession into evidence. *Id.*, citing *Worley, supra*, 375 S.W.2d at 46.

■ According to *State v. Easley*, 515 S.W.2d 600, 602 (Mo.App.1974), evidence of the corpus delicti need not precede the defendant's admission so long as the essential elements of the crime are proved by the end of trial. Moreover, full proof of the corpus delicti is not necessarily independent of the admission. "[P]roof of the corpus delicti and the admission can be considered together and the sum of the two can go to prove the essential elements of the crime." *Id.*, citing *State v. McQuinn*, 361 Mo. 631, 235 S.W.2d 396, 397 (1951).

■ Proof of the corpus delicti has been held sufficient when an admission was corroborated by circumstances independent of the admission which tended to prove the offense by confirming matters recited in the admission. *See State v. Johnston*, 670 S.W.2d 552, 554–55 (Mo.App.1984) (physical evidence showed that defendant's Firebird left the road; defendant was seen seated behind the wheel and was later seen trying, alone, to push the car out of the ditch; no evidence appeared that anyone else exercised dominion over the car; weather conditions corroborated defendant's statement that he lost control of the car due to the wet road), discussing *Easley, supra,* 515 S.W.2d at 602–03 (defendant was found at the scene of the two-car accident standing two feet from his damaged car, which was registered in his name, and after it was driven to the curb he accepted the car keys). Neither *Johnston* nor *Easley* included evidence of another person in or near the defendant's car who could have been driving their cars.

The corpus delicti of the offense with which defendant was charged requires proof that someone operated a motor vehicle while in an intoxicated or drugged condition. § 577.010 R.S.Mo. (Cum.Supp. 1984). The record before us establishes that defendant was intoxicated but does not show, either by direct or circumstantial evidence, that he or anyone else operated the truck while under the influence. Indeed, the only evidence of the corpus delicti is the defendant's statement to Trooper Townsend, "I overshot the driveway," bringing the facts squarely within the rule of *Kansas City v. Verstraete*, 481 S.W.2d 615, 616–17 (Mo.App.1972).

In *Verstraete* a police officer testified that while inspecting a bicycle accident he encountered the defendant, apparently intoxicated, walking around in a crowd of people near the accident scene. The defendant's car was parked some 50 to 75 feet away, and the defendant told the officer that he had been driving the car and that he did not think he struck anything. This court held that the defendant's statements were not admissible because no evidence other than defendant's admission tended to establish that he had been driving the car. *Id.* at 617. Moreover, the circumstantial evidence that defendant's car was parked nearby was not sufficient to support an inference that defendant had been driving prior to the time the officer encountered him on foot.

In this case, the state's burden of establishing the corpus delicti was made more difficult by the presence of Arnold LeFever at the scene. Obviously, he may have been the driver, but that possibility was not eliminated by on-the-scene questioning of LeFever by either Trooper Townsend or Deputy Buescher. Their testimony did not show that LeFever was not the driver.

The corpus delicti cannot be presumed. The state has the burden to prove the corpus delicti by legal evidence sufficient to show that the crime charged has been committed by someone. *State v. Black*, 611 S.W.2d 236, 240 (Mo.App.1980), citing *Summers, supra,* 362 S.W.2d at 542. The state has failed to meet the burden of proving the corpus delicti in this case. Therefore, we reverse the defendant's conviction.

All concur.