**STATE of Missouri, Respondent,**

v.

**William J. KLIMPT, Appellant.**

**No. 15146.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 21, 1988.

---

**500**

Thomas E. Klinginsmith, Carthage, for appellant.

David R. Flottman, Asst. Pros. Atty., Joplin, for respondent.

HOLSTEIN, Judge.

Defendant was tried by the court, convicted of driving while intoxicated in violation of § 577.010,[1] and sentenced to two days in the county jail. Defendant raises three points on appeal in which he asserts (1) the trial court should not have admitted defendant's extrajudicial statements in evidence because the state had not established the corpus delicti of the crime of driving while intoxicated by independent proof, (2) the trial court should not have admitted results of defendant's breathalyzer test in evidence because of an alleged absence of evidence to establish that the warrantless arrest of defendant occurred within an hour and a half of the violation as mandated by § 577.039, and (3) the trial court should not have admitted defendant's extrajudicial statements in evidence because the statements were involuntary. We affirm.

Defendant's first point is based upon the well established rule in Missouri that unless there is independent proof, either circumstantial or direct, of the essential elements of the corpus delicti, extrajudicial admissions, statements, or confessions of the accused are not admissible in evidence. *State v. Friesen*, 725 S.W.2d 638, 639 (Mo.App.1987). However, full, absolute proof independent of defendant's statements is not required in order for such statements to be admissible. All that is required is evidence of corroborating circumstances tending to prove the corpus delicti which correspond with circumstances related in the statements. *State v. Cook*, 711 S.W.2d 208, 209 (Mo.App.1986); *State v. Davison*, 668 S.W.2d 252, 254 (Mo. App.1984); *State v. Hahn*, 640 S.W.2d 509, 510 (Mo.App.1982). The proof may be di-

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1986.

rect or circumstantial, and proof of the criminal agency of the defendant is not a prerequisite to admitting his extrajudicial statements into evidence. *Friesen, supra.* The corpus delicti of the offense of driving while intoxicated is established by proof, independent of the accused's confession, that someone operated a motor vehicle while in an intoxicated or drugged condition. § 577.010.

Turning to the evidence in this case, the proof, independent of defendant's statements, establishes the following: At approximately 11:00 p.m. on January 10, 1987, Deputy Mike Turner of the Jasper County Sheriff's Office responded to an accident report on the west outer road of U.S. Highway 71 near Carthage, Missouri. Turner arrived at the accident scene three minutes later. He observed a pickup truck located approximately 100 to 150 feet north of a dead-end barricade. The pickup truck had apparently smashed through the barricade. Both the metal barricade and the pickup truck were damaged. No other vehicles or persons other than defendant were in the vicinity. The pickup was not running nor was there steam emerging from the engine. Although it was a very cold night, the windows were not fogged over and the hood of the vehicle was still warm. To Turner, these two factors indicated the vehicle had not been there long. Turner observed the defendant lying down on the seat of the pickup truck with his buttocks behind the steering wheel and the upper portion of his body on the passenger side of the vehicle.

Turner opened the door of defendant's vehicle and shook the defendant several times before defendant responded. After awakening the defendant, Turner had to assist the defendant back to the squad car for questioning. Turner noticed a strong odor of alcohol on the defendant's person, although he observed only one open can of beer in the pickup truck. At that point, Turner requested the Missouri Highway Patrol to respond to the accident.

Highway Patrol Trooper Steven Dorsey arrived at approximately 11:35 p.m. He also smelled the alcohol on defendant's person, administered a field sobriety test, observed several unopened cans of beer in defendant's vehicle, concluded defendant was intoxicated, placed defendant under arrest, and read defendant a *Miranda* [2] warning and waiver from a card carried for such occasions.

■ It is inferable from the evidence that an accident had just occurred involving defendant's vehicle, that no one other than defendant was present at the time of the accident, that no significant amount of intoxicants had been consumed at the scene, and, therefore, defendant had become intoxicated sometime prior to his arrival at the accident scene. These evidentiary inferences tend to prove defendant was driving his pickup truck at approximately 11:00 p.m. on January 10, 1987, while in an intoxicated condition. See *State v. Johnston,* 670 S.W.2d 552, 555 (Mo.App.1984). The evidence corroborates and corresponds with the circumstances related in defendant's extrajudicial admissions to the highway patrolman. Defendant admitted he was attempting to drive home from Memorial Hall in Carthage, having departed that location at approximately 10:30 p.m. after drinking beer and mixed drinks for about four hours. The trial court did not err in admitting defendant's extrajudicial statements into evidence.

■ Defendant's second point, complaining the trial court should not have admitted the results of a breathalyzer test claimed to have been administered more than an hour and a half after the violation, is likewise without merit. Defendant, after being read his *Miranda* warning, told Trooper Dorsey that he left the Memorial Hall at 10:30 p.m. This admission constitutes direct evidence that the collision occurred sometime after 10:30 p.m. *State v. Bannister,* 680 S.W.2d 141, 148–149 (Mo. banc 1984). Dorsey arrived at the accident scene at 11:35 p.m. and after giving defendant a field sobriety test, arrested defendant for driving while intoxicated. This evidence demonstrates that defendant was arrested for driving while intoxicated within one and a half hours of the violation. See § 577.039.

**2.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**502**

In Point III of his brief, defendant argues that his extrajudicial statements made to Dorsey were inadmissible because prior to making a statement to Dorsey, defendant had been interrogated by Turner without benefit of a *Miranda* warning and, therefore, the subsequent statements to Dorsey were involuntary because the defendant had already "let the cat out of the bag." Turner did not advise defendant of his *Miranda* rights; however, there is absolutely no evidence that Turner engaged in coercive tactics toward defendant which would have undermined defendant's exercise of his free will. In *Oregon v. Elstad,* 470 U.S. 298, 309, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985), the United States Supreme Court stated:

> It is an unwarranted extension of *Miranda* to hold that a simple failure to administer the warnings, unaccompanied by any actual coercion or other circumstances calculated to undermine the suspect's ability to exercise his free will so taints the investigatory process that a subsequent voluntary and informed waiver is ineffective for some indeterminate period. Though *Miranda* requires that the unwarned admission must be suppressed, the admissibility of any subsequent statement should turn in these circumstances solely on whether it is knowingly and voluntarily made.

Absent the use of coercive or improper tactics in obtaining the initial statement, the mere fact that a suspect has made an unwarned admission does not mandate a presumption of compulsion. *Elstad,* 470 U.S., at 314, 105 S.Ct., at 1296. We hold defendant's statements to Dorsey were knowingly, intelligently, and voluntarily made, and the trial court did not err in admitting those statements into evidence.

The judgment of the trial court is affirmed.

CROW, C.J., and GREENE, P.J., concur.