**STATE of Missouri, Respondent,**

v.

**Joseph Anthony HAMMONS, Appellant.**

**No. WD 54003.**

Missouri Court of Appeals,
Western District.

March 10, 1998.

---

N. Trey Pettlon, III, Olathe, for Appellant.

David A. Baird, Pros. Atty., Maryville, for Respondent.

Before ELLIS, P.J., and HOWARD and RIEDERER, JJ.

HOWARD, Judge.

This is an appeal from a conviction of driving while intoxicated in violation of § 577.010,[1] and a conviction of failure to drive on the right half of a roadway of sufficient width in violation of § 304.015. Appellant raises three points on appeal. First, he contends the trial court erred in admitting his statements without independent evidence to establish the corpus delicti of the crime. Second, he claims the trial court abused its discretion in finding him guilty without evidence to establish that he was under the influence of alcohol at the time he operated a motor vehicle. Third, he claims the trial court abused its discretion in finding him guilty of failure to drive on the right half of a roadway of sufficient width in the absence of any evidence indicating the width of the roadway was sufficient.

We affirm.

### Facts

On November 1, 1996, Martin McGary was driving on Highway 71 near Clearmont in Nodaway County, Missouri, when he saw skid marks on the road. Shortly thereafter, he saw Appellant, Joseph Hammons, standing outside a car that was upside down, partly in the street. No one observed the car running or Appellant operating the car. McGary was the first witness on the scene.

Appellant told McGary that he wanted to flip the car over and continue on to Iowa. Appellant and McGary unsuccessfully attempted to flip the car over. Three other men soon stopped and assisted Appellant and McGary in flipping the car over. Then something in the engine caught fire. The three men left to get help from the fire department, while Appellant and McGary sat in McGary's truck waiting for help to arrive. McGary testified that while they were waiting in his truck, he smelled alcohol on Appellant. After they tired of waiting for help, Appellant and McGary drove into Clearmont to see if the fire department was on its way. When they got back to the accident scene, a sheriff's deputy was there. McGary testified that Appellant did not drink any alcoholic beverages in his presence, nor were there any alcoholic beverages in McGary's truck that Appellant could have drunk while McGary went to speak to the sheriff's deputy.

Trooper Chris Harlan of the Missouri State Highway Patrol arrived on the scene at approximately 2:40 a.m. Harlan testified that Appellant admitted he was driving the car involved in the accident, and that he was the sole occupant of the vehicle. Harlan also testified that Appellant said the vehicle was not his, and he would like to contact the owner of the vehicle. Harlan testified that Appellant had an extremely strong odor of alcohol and had glassy, bloodshot, and staring eyes. According to Trooper Harlan, Appellant stated he could not perform one of the sobriety tests because of leg soreness he had sustained in the accident, from being thrown around inside the vehicle. Harlan testified that Appellant failed various sobriety tests. Appellant was arrested at 2:52 a.m. for driving while intoxicated. After his arrest, Appellant gave a breath sample at 3:31 a.m. that indicated a .123 blood alcohol level.

### Standard of Review

 The standard of review for a court-tried criminal case is the same as for a jury-tried criminal case. *State v. Harris*, 913 S.W.2d 348, 349 (Mo.App. E.D.1995). We

---

**1.** All statutory references are to RSMo 1994.

review the record to see whether sufficient evidence exists from which the trial court could have returned a guilty verdict. *Id.* In reviewing the record, we accept all evidence and inferences favorable to the guilty verdict and ignore all contrary evidence and inferences. *Id.*

### Point I

Appellant's first point on appeal is that the trial court erred in admitting his statements without independent evidence to establish the corpus delicti of the crime. We find that the State established the corpus delicti independent of Appellant's statements that he was driving the car, and therefore Appellant's statements were admissible.

■ Extrajudicial admissions, statements or confessions of the accused are not admissible in evidence absent independent proof, either circumstantial or direct, of the essential elements of the corpus delicti. *State v. Frentzel,* 730 S.W.2d 554, 557 (Mo. App. W.D.1987). The corpus delicti entails proof of a loss or injury brought about by criminal agency. *State v. Litterell,* 800 S.W.2d 7, 10 (Mo.App. W.D.1990). Evidence that the defendant was the criminal agent is not a prerequisite to the admission of his statements or confession into evidence. *Id.* The substantive offense is sufficiently proven by independent evidence of circumstances that correspond and interrelate with the circumstances rendered in the statement or confession. *Id.*

■ The corpus delicti of driving while intoxicated consists of evidence that someone operated a motor vehicle while intoxicated. *Bertram v. Director of Revenue,* 930 S.W.2d 7, 9 (Mo.App. W.D.1996). In *State v. Johnston,* 670 S.W.2d 552 (Mo.App. S.D.1984), the defendant was charged with driving while intoxicated. In that case, there was independent evidence that someone was driving the vehicle, lost control, applied the brakes, and skidded off the pavement. *Id.* at 555. There was also damage to the car and tire marks on the pavement corresponding to the position of the vehicle. *Id.* The court found that this was sufficient independent evidence of the corpus delicti to warrant admission of defendant's statements, even aside from the fact that there was also independent evidence pointing to the defendant as the driver. *Id.*

■ Similarly, in this case, there was substantial independent evidence that Appellant operated a motor vehicle while intoxicated. Appellant was the only person at or near the location of the accident when McGary arrived at the scene. Appellant was standing by the car when McGary arrived. The car was flipped over. At the curve in the roadway, there was a short skid mark, and then the car was observed in the accident scene, halfway into the roadway. The vehicle appeared to be the same vehicle that had passed McGary three miles earlier. Appellant smelled of alcohol, and was later shown to be intoxicated. Appellant was wearing a Superman costume, which apparently did not have any room for Appellant to conceal alcohol. Appellant concedes that he did not have access to any intoxicants from the time McGary arrived. Appellant tried to flip over the car, thereby exercising dominion and control over the vehicle. The car had rolled approximately 4½ to 5 times during the accident. There were gouges in the embankment, indicating the car had become airborne. The officer concluded that anyone in the accident would have sustained injuries, and Appellant did not believe he could attempt the walk-and-turn test because of leg soreness. All of these facts indicate that Appellant drove the car while intoxicated, independent of any statements by Appellant that he was driving the car.

As the State points out, the two cases Appellant relies on to support his argument are distinguishable from the present case. In *Kansas City v. Verstraete,* 481 S.W.2d 615, 617 (Mo.App.1972), the court found that the State had not established the corpus delicti of driving while under the influence of alcohol. In *Verstraete,* the defendant's vehicle was parked 50 to 75 feet away from the accident scene, the defendant was in a crowd of people, and the opinion in that case does not indicate that the vehicle showed any signs of having been in an accident. *Id.* at 616. By contrast, in the present case, Appellant was standing by himself next to the

vehicle he had driven, and the vehicle showed signs of having been in an accident.

*State v. Friesen,* 725 S.W.2d 638 (Mo.App. W.D.1987), is also distinguishable. In *Friesen,* there were two men standing near the vehicle that was involved in the accident. *Id.* at 639. The court found that partially because the State did not eliminate the second man as the potential driver and there was no evidence that the second man was intoxicated, the State had not established the corpus delicti. *Id.* at 640. Because Appellant was by himself at the accident scene, *Friesen* is inapplicable in this case.

### Point II

■ Appellant's second point on appeal is that the trial court abused its discretion in finding him guilty without evidence to establish that he was under the influence of alcohol at the time he operated the vehicle. We find that there was sufficient evidence to show that Appellant was under the influence of alcohol at the time he operated the vehicle. Appellant concedes that he would not have been able to consume any alcohol from the time McGary appeared on the scene until Appellant took the sobriety and breathalyzer tests. Rather, Appellant argues that because he was alone for a period of time between the time of the accident and the time McGary arrived at the scene of the accident, it is possible that he became intoxicated during this interval. However, the evidence does not support this argument. Appellant's own statement to the police was that the accident occurred at 1:35 a.m. McGary testified that he arrived at the scene "somewhere around 1:30." McGary smelled alcohol on the Appellant when they were waiting for help to arrive. There was no evidence of any alcohol or alcohol containers in Appellant's possession, or anywhere at the accident scene.

In *State v. Cook,* 711 S.W.2d 208 (Mo.App. S.D.1986), the defendant made an argument similar to the one Appellant makes in this case. In *Cook,* the first witness to arrive at the scene found the defendant changing a tire on the vehicle he had been driving. *Id.* at 209. The court assumed that it was only a short while between the time the defendant stopped driving and the time the first witness arrived on the scene. The court found that "[a]lthough it is conceivable that defendant might have become intoxicated after the vehicle stopped, either from drinking more alcoholic beverages then or from the effects of prior drinking, the possibility that defendant became intoxicated after the vehicle stopped would not necessarily create a reasonable doubt as to whether he was guilty." *Id.*

In *State v. Johnston,* 670 S.W.2d at 556, the defendant did not explain his intoxication by testifying that he drank intoxicants after the accident, and there was no evidence that he had access to intoxicants at the scene before the arresting officer arrived. The court found that under those circumstances, the State did not have to produce evidence precluding the possibility that defendant became intoxicated during the period between the accident and the arrival of the police officer not more than 28 minutes later. *Id.*

■ In this case, the evidence is stronger than the evidence in *Johnston* that Appellant did not become intoxicated during the time between the accident and the arrival of the first witness. Viewing the evidence most favorably to the State, there was evidence that McGary arrived on the scene within a few minutes of the accident. In addition, as in *Johnston,* Appellant did not explain his intoxication by testifying that he drank intoxicants after the accident, and there was no evidence that Appellant had access to intoxicants at the scene before McGary arrived. Therefore, the State was not required to produce evidence precluding the possibility that Appellant became intoxicated during the period between the accident and the arrival of McGary. It was not the State's duty to show an "absolute impossibility of innocence." *Taylor v. McNeill,* 714 S.W.2d 947, 949 (Mo.App. W.D.1986).

### Point III

■ Appellant's third point on appeal is that the trial court abused its discretion in finding him guilty of failure to drive on the right half of a roadway of sufficient width, in the absence of any evidence indicating the

width of the roadway was sufficient. Section 304.015 RSMo 1994 provides that "[u]pon all public roads or highways of sufficient width a vehicle shall be driven upon the right half of the roadway...." It is uncontroverted that the site of the accident was U.S. Highway 71, a federal highway. In addition, McGary testified that prior to his arrival at the accident site, he was traveling on U.S. Highway 71, approximately three miles from the accident scene, when he was passed by another vehicle. This testimony indicates that the roadway is of sufficient width for two vehicles. Furthermore, the Court of Appeals may take judicial notice of official highway maps. *Meyer v. Director of Revenue,* 909 S.W.2d 397, 402 (Mo.App. W.D.1995); *Schrimpf v. Director of Revenue,* 889 S.W.2d 171, 174 (Mo.App. W.D.1994). The official highway map of the State of Missouri shows that U.S. Highway 71 is a two-lane principal highway, clearly indicating that the road was of sufficient width for Appellant to stay on the right half of the roadway.

The judgment of the trial court is affirmed.

All concur.