**STATE of Missouri, Plaintiff–Respondent,**

v.

**Tupelo NEAL, Defendant–Appellant.**

**No. 22167.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 13, 1998.

David K. Back, Springfield, Missouri, for appellant.

J. Ronald Carrier, Greene County Pros. Atty., Robert G. Asperger, II, Asst. Pros. Atty., Springfield, Missouri, for Respondent.

JAMES K. PREWITT, Presiding Judge

Following jury trial, Appellant was convicted of driving while intoxicated. Section 577.010, RSMo 1994. Appellant appeals, contending "the State failed to prove an element of the alleged crime in that the State's evidence was not sufficient as a matter of law to prove the Appellant was in 'actual physical control' of a motor vehicle."

Appellant claims trial court error in overruling her motions for judgment of acquittal at close of State's evidence and at close of all evidence. Because Appellant presented evidence in her behalf after the State rested, she has waived any claim of error related to the denial of her motion for acquittal at the close of the State's case. In such a situation, appellate review is limited to a consideration of whether the motion for acquittal made at the close of all the evidence should have been sustained. *State v. Purlee,* 839 S.W.2d 584, 587 (Mo.banc 1992).

In a challenge to the sufficiency of evidence, review is "limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Grice,* 914 S.W.2d 360, 365 (Mo.App.1995). "We accept as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary." *Id.* Further, the credibility of a witness is a question for the jury, and it is within their province to believe all, some or none of any witnesses' testimony. *Id.*

At approximately 2:00 a.m. on September 28, 1996, Deputy Brandwein of the Greene County Sheriff's office observed a vehicle in a ditch north on Highway MM near the Highway 60 intersection. The vehicle had not been in that location during Deputy Brandwein's previous trips through the area, of which the last thirty minutes was prior to this observation. A patrol car from the City of Republic was parked behind the vehicle and two police officers were at the location. The deputy observed two people near the vehicle; a white female was standing behind the vehicle and on the roadway, and a white male was laying face down in the ditch at the rear of the vehicle. The male had been sitting in the vehicle on the passenger side when the Republic officers arrived at the scene and they asked the man to exit the vehicle.

Deputy Brandwein stopped at the scene and asked the female, Appellant herein, if there had been an accident and she answered, "No." Brandwein then asked Appellant why the vehicle was in the ditch and she replied that the person that was riding with

her wanted to get out, so she pulled into the ditch so he could get out. Brandwein asked Appellant how long she had been driving the vehicle and she responded that she had just been driving it around that evening. Two other officers also heard Appellant state that she had been driving the vehicle. Brandwein noticed that Appellant smelled strongly of alcohol, was slurring her speech and had bloodshot eyes. He asked her to perform three field sobriety tests, all of which she failed. Appellant was then arrested, and Brandwein then retrieved Appellant's purse from the vehicle. He noticed the vehicle was not running, and the headlights were off. The vehicle keys were in Appellant's purse.

After Appellant had been booked into jail, Brandwein performed a breathalyzer test upon her. During the course of the testing procedure, Brandwein asked Appellant what she had been doing for the last several hours and she replied that she had been driving the car. Shortly after that statement, Brandwein again asked Appellant if she had been operating the vehicle and she replied, "Yes."

At trial, Appellant admitted that she made the statements that she had been driving, but that she did so because the other person in the vehicle, her boyfriend, did not have a valid driver's license and she "just thought that it would be better for [her] to take the blame for it." Appellant testified that she was not driving, and therefore not in the actual physical control of the vehicle immediately before her arrest.

■ Direct and circumstantial evidence may be used to prove Appellant was intoxicated and in actual physical control of a vehicle. *See State v. Davison*, 668 S.W.2d 252, 254 (Mo.App.1984). Additionally, "circumstantial evidence can supply the 'driving' and 'while' elements when driving is not observed and the engine is not running." *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 242–43 (Mo.App.1992).

■ Full proof, independent of a defendant's admission that she was driving, is not required to prove she was in "actual physical control" of a vehicle. "All that is required is evidence of corroborating circumstances tending to prove the corpus delicti and corresponding with circumstances related in the confession." *Davison*, 668 S.W.2d at 254.

Even though Appellant testified at trial that she did not drive the vehicle, that her boyfriend was the one driving, the jury could disbelieve Appellant's testimony. Our review of the evidence finds that a reasonable juror could have found that there was sufficient corresponding circumstances related in Appellant's admissions to find that she was in actual physical control of the vehicle. The car keys were found in Appellant's purse, her boyfriend was seated on the passenger side of the vehicle, the car had been in the ditch for no more than thirty minutes, and Appellant made three admissions that she had been driving the car. *Cf. Davison*. The trial court did not err in denying Appellant's motion for acquittal at the close of all the evidence.

The judgment is affirmed.

CROW, J., and PARRISH, J., concur.