STATE of Missouri, Plaintiff/Respondent,

v.

Kenneth SMOOT, Defendant/Appellant.

No. 62396.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 3, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 8, 1993.

Susan K. Eckles, St. Louis, for defendant, appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff, respondent.

REINHARD, Judge.

Defendant appeals his conviction of attempted sodomy, § 564.011, RSMo 1986, and § 566.060, RSMo Supp.1990. He was sentenced, in accordance with the jury's assessment, to serve a term of five years' imprisonment.[1] We reverse and remand for a new trial.

The evidence reveals that on August 3, 1991, defendant accosted victim in an alley. Victim, who was 13 years old at the time of the incident, testified that defendant took him behind a dumpster and put his "wee wee" in victim's "booty". The incident was witnessed by Audrey Watkins and her brother. Ms. Watkins testified at trial that she observed that victim's bare buttocks were exposed and defendant's pants were down, exposing his erect penis. A scuffle ensued among Ms. Watkins, her brother, and defendant, during which victim fled the alley.

On appeal, defendant asserts that the trial court erred when it submitted instruction number 5, patterned after MAI–CR3d 310.-50, contending that its submission is improper when, despite evidence of a defendant's consumption of intoxicants, impairment cannot be inferred from the evidence. He further argues that the giving of the instruction was prejudicial because a jury could understand it to relieve "the State of its burden of proof as to the required mental state of the crime charged and [deprive defendant] of his rights to due process."

At trial, defendant testified that he had been drinking beer and gin on the morning of the incident. He stated that he could not remember meeting victim in the alley, and that he fell asleep in the police car following his arrest. Based on this testimony, the court ordered submission of the state's proffered intoxication instruction, patterned after MAI–CR3d 310.50, which stated: "You are instructed that an intoxicated condition from alcohol will not relieve a person of responsibility for his conduct." At the instruction conference, defendant lodged the following objection to the instruction:

> Your Honor, I would object to the submission of that one based upon the [N]otes on [U]se under 310.50. It says even though there's no—even though there is evidence of consumption of alcohol or drugs, if there is no evidence from which such impairment could be inferred, this instruction may not be given over the objection of the defendant.

> We would object at this time. He did not testify, the defendant did not testify that it interfered with his thinking or that his impairment, that he was in any way impaired. Therefore, I'd object to the giving of that instruction.

The court found that evidence of impairment could be inferred from the evidence as required by the Notes on Use, and overruled defendant's objection.[2]

■ Defendant argues that *State v. Erwin*, 848 S.W.2d 476 (Mo. banc 1993), controls here and requires reversal. We agree.

*Erwin* involved an appeal from a murder conviction where the defendant had been drinking heavily and could only vaguely remember the events surrounding his shooting of the victim. He appealed the trial court's

---

1. Defendant was charged with sodomy but convicted of the lesser included offense of attempt to commit sodomy.

2. Paragraph 4 of the Notes on Use accompanying MAI–CR3d 310.50 states:
   If there is no evidence of involuntary intoxication and it may fairly be inferred from the evidence that the defendant was intoxicated or drugged to such an extent that his judgment and actions were substantially affected thereby, or that his capacity to know or appreciate

the nature, quality, or wrongfulness of his conduct was significantly impaired by reason of intoxication, this instruction may be given by the Court on its own motion and must be given upon written request in proper form by the state or by the defendant. Even though there is evidence of consumption of alcohol or drugs, if there is no evidence from which such impairment could be inferred, this instruction may not be given over the objection of the defendant.

submission of MAI–CR3d 310.50, and our supreme court reversed, finding:

> The instruction here creates a reasonable likelihood that the jury would believe that if defendant was intoxicated, he was criminally responsible regardless of his state of mind. That reading has the effect of excusing the state from proving the defendant's mental state beyond a reasonable doubt and violates due process under *Sandstrom* [*v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) ].

*Erwin,* 848 S.W.2d at 483.

The court further held that although "[o]ther instructions were given which correctly gave defendant a presumption of innocence and placed the burden of proof on the state as to all elements of the crime", the prejudice arising from the instruction was not cured because a "jury is as likely as not to resolve the contradiction [between the instructions] favorably to the state." *Id.;* (citing *Francis v. Franklin,* 471 U.S. 307, 322, 105 S.Ct. 1965, 1975, 85 L.Ed.2d 344 (1985)).

We are confronted with a similar situation here. In both cases the defendant was drinking heavily and a finding of specific intent to commit the crime was required for conviction. The verdict director submitted here, patterned after MAI–CR3d 302.86, required the jury to find "that defendant engaged in such conduct [pulling his and victim's pants down] for the purpose of committing such sodomy...." *Erwin* holds that the giving of MAI–CR3d 310.50 relieves the state of its burden to prove specific intent and therefore violates the defendant's due process. *Erwin,* 848 S.W.2d at 484. Consistent with *Erwin,* we find the same violation here.

The state claims that *Erwin* does not apply here because defendant's case does not meet specific conditions set forth by the supreme court therein. The *Erwin* court limited application of its holding, stating that the ruling "shall be applicable only in cases tried in the future and cases now subject to direct appeal where the issue is preserved that MAI–CR3d 310.50 violated due process because it relieved the state of its burden of proof as to the requisite mental state." *Id.* at 485.

■ In the case at bar, defendant preserved his constitutional objection by specifically raising his due process objection to the intoxication instruction in his motion for new trial. He claimed that submission of the intoxication instruction "violated defendant's constitutional guarantees under the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution." We note that "a party may, but is not required to, object specifically or generally on the record to ... instructions or verdict forms to be given at the request of any other party," as long as a specific objection is made in a motion for new trial. Rule 28.03; *see State v. Stallings,* 812 S.W.2d 772, 778 (Mo.App.1991); *State v. Sollars,* 706 S.W.2d 485, 495 (Mo.App.1986). Moreover, "objections made at time of trial ... may be supplemented or enlarged in motions for new trial." Rule 28.03. Here, defendant properly supplemented his original objection with a constitutional objection.

■ Finally, the state contends that "*Erwin* is distinguishable from the case at bar, because in *Erwin*[,] MAI–CR3d 310.50 pertained to a key issue in the case, whereas in the case at bar it pertains to a matter which was not an issue." However, "[i]f the giving of the instruction is error, it will be held harmless only when the [c]ourt can declare its belief that it was harmless beyond a reasonable doubt." *Erwin,* 848 S.W.2d at 483 (citing *Rose v. Clark,* 478 U.S. 570, 583, 106 S.Ct. 3101, 3109, 92 L.Ed.2d 460 (1986)). The state fails to mention which issue it is speaking of, but where, as here, a mental element is required for conviction, we cannot say that the instruction was harmless beyond a reasonable doubt. Since the given instruction has been held to unfairly relieve the state from proving this element, *Erwin* is not distinguishable here.

Defendant's second point on appeal raises a claim under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Because of the preceding disposition of this case, and because the alleged error may not recur when the case is retried, we need not address the claim at this time.

Judgment reversed and remanded for a new trial.

CRANDALL, P.J., and CRIST, J., concur.