**STATE of Missouri, Respondent,**

v.

**John W.W.R. FANNING, Appellant.**

**No. WD 46966.**

Missouri Court of Appeals,
. Western District.

Feb. 8, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 1994.

Application to Transfer Denied
May 26, 1994.

---

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before HANNA, P.J., and LOWENSTEIN and FENNER, JJ.

LOWENSTEIN, Judge.

Fanning appeals the convictions and concurrent life sentences imposed as a persistent offender for murder in the second degree and armed criminal action. Fanning raises four issues on appeal, one of which is a constitutional challenge to the court's submission of an instruction patterned after MAI–CR3d 310.50, which told the jury, "You are instructed that an intoxicated condition from alcohol will not relieve a person of responsibility for his conduct." State v. Erwin, 848 S.W.2d 476 (Mo. banc 1993), cert. denied, —— U.S. ——, 114 S.Ct. 88, 126 L.Ed.2d 56 (1993), held this instruction was no longer to be given, and gave prospective relief on "cases now subject to direct appeal ..." which properly preserve the error. Id. at 484.

The facts favorable to the verdict are as follows: On New Years Eve, Fanning and two companions were drinking heavily and ran out of refreshment just before midnight. They drove for more liquor and stopped in the lot of another establishment when Fanning got into a shouting match with some strangers. While Fanning cursed and yelled, a second group thought Fanning was speaking to them. Fanning began cursing the second group, and took a swing at a smaller man who ducked and then hit Fanning in the nose. Fanning reached in a coat pocket and withdrew his knife and stabbed the victim six times. Fanning threw the knife away; but, later returned, retrieved it and tossed it into the Missouri River.

Erwin, based on Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), held 310.50 did not misstate the law, but rather created a reasonable likelihood,

"... that the jury understands the instruction to relieve the state of its burden of proof as to a statutory element. The instruction here creates a reasonable likelihood that the jury would believe that if defendant was intoxicated he was criminally responsible, regardless of his state of mind. That reading has the effect of excusing the state from proving the defendant's mental state beyond a reasonable doubt and violates due process under Sandstrom." Erwin, 848 S.W.2d at 483. The Court said this ruling was applicable only in cases "... now subject to direct appeal where the issue is preserved that MAI–CR3d 310.50 violated due process because it relieved the state of its burden of proof as to the requisite mental state." Id. at 484.

The sole question on this point is whether Fanning made the proper objection in the trial court to get the benefit of Erwin. Erwin, at the time the objection in this case was made, had been transferred to the Supreme Court for reexamination of the law with respect to whether the instruction negated the state's duty to prove specific intent. Fanning told the trial judge the instruction was unconstitutional and the Supreme Court was going to examine the instruction regarding the issue of whether it relieved the state of its burden of proof on an essential element. The trial court denied the motion and used the jury instruction, but allowed the defendant to present evidence and argue the level of intoxication. Fanning's new trial motion said the relief did not alleviate the error. Had the instruction not been given, he contended he "... would have been allowed ... to present a much stronger case for lack of mental elements (sic) being present due to intoxication." The court considers whether the defendant's objections are sufficient to preserve the constitutional objection. State v. Smoot, 860 S.W.2d 799, 801 (Mo.App.1993). Smoot held this type of instructional error could not be deemed harmless because, where a "mental element is required for conviction, we cannot say that the instruction was harmless beyond a reasonable doubt. Since the given instruction has been held to unfairly relieve the state

from proving this element, *Erwin,* is not distinguishable here." *Id.*

Fanning's actions here differ from this court's recent case of, *State v. Dillon,* 869 S.W.2d 67 (Mo.App.,1993), where the appeal rested solely on the argument that the instruction was a "misstatement of the law." At page 69. In *Dillon* this court held the *Erwin* case did not apply because: 1) it was not a misstatement of the law; 2) they did not make the requisite due process argument to preserve the error on appeal; and 3) it was not plain error in that case.

Since Fanning made the proper objection at trial, that his due process rights were denied, the court holds *Erwin* applies. Having decided that *Erwin* applies to the case at bar, and a new trial is given as relief, the three remaining points will be addressed as they will arise on retrial.

■ Fanning gave his first statement prior to receiving his Miranda warning. Less than two hours later, the police gave the Miranda warning to Fanning. Fanning gave his second statement followed by two more statements after signing separate waivers. There was no evidence of actual coercion or other facts which undermined his ability to make a subsequent voluntary and knowing waiver. *Oregon v. Elstad,* 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985); *State v. Klimpt,* 744 S.W.2d 499, 502 (Mo.App.1988). This point is denied and the evidence was properly admitted.

Denied out of hand are: 1) the point dealing with introduction of some of the photos of the deceased as being prejudicial with the point reviewed under plain error; and, 2) the oft-raised point attacking the reasonable doubt instruction contained in MAI–CR3d 302.04.

The judgment is reversed and the case remanded for new trial.

All concur.