STATE of Missouri, Respondent,

v.

Ray ROLLINS, Appellant.

Ray ROLLINS, Appellant,

v.

STATE of Missouri, Respondent.

No. 62655.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 2, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 1994.

Application to Transfer Denied
Sept. 20, 1994.

Tamara L. Detloff, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

. AHRENS, Judge.

Defendant was convicted by a jury of rape, burglary in the first degree, two counts of armed criminal action, and stealing under $150, in violation of §§ 566.030, 569.160, 571.-015, and 570.030 RSMo (1986), respectively. Defendant was sentenced to 40 years' imprisonment on the rape charge, to be served consecutively to a 15–year sentence for the related armed criminal action count. He was also sentenced to 5 years on the burglary count, 3 years on its related armed criminal action count, and 30 days on the stealing count, to be served concurrently with the 15–year sentence. Defendant's Rule 29.15 motion and amended motion were denied without an evidentiary hearing. Defendant appeals from the judgments of the trial and motion courts. We reverse and remand for a new trial.

The evidence reveals that on October 12, 1991, the 14–year–old victim, B.H., was baby-sitting her three younger cousins at their home. None of the adult residents of the apartment were home. .Defendant was admitted into the apartment by victim after lying about his reason for being there. Defendant told victim that he was there to recover his wallet. Defendant left the apartment, but returned a short time later, and was again admitted into the apartment to search for his wallet. While in the apartment, defendant grabbed victim and pushed her to the wall, pressing a knife against her back. Victim stated that defendant then turned off the light, pulled down her shorts, put her on the bed, and put his finger into her vagina. Defendant also attempted to put his penis inside her, but victim did not know if he was able to do this. Defendant was later apprehended by the police and a stolen knife was found among his things.

■ At trial, defendant testified that he had smoked crack cocaine during the late afternoon and evening of October 12, prior to the incident with victim. Based on this testimony, the trial court submitted the State's voluntary intoxication instruction to the jury, over defendant's objection. The instruction reads as follows: "In determining the defendant's guilt or innocence, you are instructed that a drugged condition from drugs will not

relieve a person of responsibility for his conduct."

On appeal, defendant alleges that the trial court erred in submitting, over defendant's objection, a voluntary drugged condition instruction based on MAI–CR3d 310.50. Defendant argues that his right to due process of law was violated by the submission of the instruction to the jury because it excused the State from proving his mental state beyond a reasonable doubt. Defendant relies on *State v. Erwin*, 848 S.W.2d 476 (Mo. banc 1993). In *Erwin*, our Supreme Court abrogated the use of MAI–CR3d 310.50, holding that the instruction "has the effect of excusing the state from proving the defendant's mental state beyond a reasonable doubt and violates due process." *Id.* at 483.

The state claims that *Erwin* does not apply to the present case because defendant's claim that the instruction excused the state of its burden of proof as to defendant's mental state was raised for the first time on appeal, and therefore not preserved. Our Supreme Court limited the applicability of its holding in *Erwin* to "cases tried in the future and cases now subject to direct appeal where the issue is preserved that MAI–CR3d 310.50 violated due process because it relieved the state of its burden of proof as to the requisite mental state." *Id.* at 484. At trial, defendant objected to the instruction on the basis that it was not supported by the evidence. In his motion for new trial, defendant alleged the instruction "was prejudicial and violated defendant's rights to a fair and impartial jury, due process and equal protection guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 2, 10, 15, 18(a) and 21 of the Missouri Constitution."

This court recently addressed the issue of preservation of a constitutional objection to MAI–CR3d 310.50 where defendant supplemented his original objection at trial with a constitutional due process objection in his motion for new trial. *State v. Smoot*, 860 S.W.2d 799 (Mo.App.1993). In *Smoot*, defendant's objection at the instruction conference was that there was no evidence from which impairment could be inferred. In his motion for new trial, defendant claimed the intoxi-

cation instruction "violated defendant's constitutional guarantees under the fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution." *Smoot*, 860 S.W.2d at 801. We found that "defendant preserved his constitutional objection by specifically raising his due process objection to the intoxication instruction in his motion for a new trial." We cited Rule 28.03 for the proposition that "a party may, but is not required to, object specifically or generally on the record to ... instructions or verdict forms to be given at the request of any other party," as long as a specific objection is made in a motion for new trial. *Id.* Further, "objections made at time of trial ... may be supplemented or enlarged in motions for new trial." *Id.*, citing Rule 28.03.

The state relies on *State v. Dillon*, 869 S.W.2d 67 (Mo.App.1993), for the proposition that *Erwin* is not to be applied retrospectively and therefore does not apply to the present case. The state's reliance on *Dillon* is misplaced. In *Dillon*, defense counsel failed to make a constitutional objection to the instruction at any time. Defense counsel argued, both at trial and in the motion for new trial, that MAI–CR3d 310.50 was a misstatement of the law on the use of voluntary intoxication as a defense to a criminal charge. This objection was not sufficient to preserve the issue for appeal.

In the present case, however, defendant made a due process objection in his new trial motion. We find, as we did in *Smoot*, that defendant properly supplemented his original objection with a constitutional due process objection, thereby preserving his claim on appeal.

■ The state further contends that defendant could not have been prejudiced by the giving of the intoxication instruction. The state argues defendant testified in detail and stated he knew everything he did, except when he cut the victim's neck. However, in its second point, the state claims the instruction was proper because "there was evidence that [defendant] was voluntarily intoxicated to such an extent that his judgment or actions were substantially affected." Specifically, the state relies on defendant's state-

ment to the police detective that he was addicted to drugs, and on the night in question, was on crack cocaine, did a lot of drinking, and did not recall exactly what happened. With this evidence before the jury, we are unable to say as a matter of law that defendant was not prejudiced by the giving of the instruction. Moreover, "if the giving of the instruction is error, it will be held harmless only when the Court can declare its belief that it was harmless beyond a reasonable doubt." *Erwin,* 848 S.W.2d at 483 (citing *Rose v. Clark,* 478 U.S. 570, 583, 106 S.Ct. 3101, 3109, 92 L.Ed.2d 460 (1986)). Where a mental element is required for conviction, we cannot say that the instruction was harmless beyond a reasonable doubt. *Smoot,* 860 S.W.2d at 801. *Erwin* and *Smoot* are controlling here and require reversal and remand for new trial.[1]

In his fifth point, defendant alleges the trial court erred in denying his motion for judgment of acquittal on the first-degree burglary charge and the accompanying armed criminal action charge at the close of the evidence. Defendant contends there was insufficient evidence that defendant "knowingly remained unlawfully" in the apartment. We disagree.

"In reviewing a challenge to the sufficiency of the evidence appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989). The evidence, together with all reasonable inferences to be drawn therefrom, is viewed in the light most favorable to the verdict and evidence contrary to the verdict is ignored. *State v. Villa–Perez,* 835 S.W.2d 897, 900 (Mo. banc 1992).

■ First degree burglary is defined as follows:

A person commits the crime of burglary in the first degree if he knowingly enters

unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein, and when in effecting entry or while in the building or inhabitable structure or in immediate flight therefrom, he or another participate in the crime: (1) Is armed with explosives or a deadly weapon; or (2) Causes or threatens immediate physical injury to any person who is not a participant in the crime; or (3) There is present in the structure another person who is not a participant in the crime.

Section 569.160.1 RSMo 1986.

Defendant was charged with unlawfully remaining in the apartment rather than unlawfully entering. Defendant argues that there was insufficient evidence to support the charge. Defendant cites New York cases for the proposition that once a person is lawfully on the premises, "there must be something more to establish termination of license than the commission of a criminal act or an order to leave after a criminal intention is manifested." *People v. Hutchison,* 124 Misc.2d 487, 477 N.Y.S.2d 965 (S.Ct. Bronx County 1984), *aff'd,* 121 A.D.2d 849, 503 N.Y.S.2d 702 (1st Dept.1986), *leave denied,* 68 N.Y.2d 770, 506 N.Y.S.2d 1054, 498 N.E.2d 156 (1986). Defendant argues that there was no evidence that victim unequivocally withdrew any license to remain, and therefore defendant could not have knowingly unlawfully remained in the apartment.

Section 569.010(8) RSMo 1986, states that "a person 'enters unlawfully or remains unlawfully' in or upon premises when he is not licensed or privileged to do so." Defendant's position ignores the fact that he never had a valid license to be in the apartment, because he obtained victim's consent through artifice. Since defendant was not licensed to enter the apartment, he was likewise not licensed to remain there.

We find that reasonable jurors could have found that defendant remained unlawfully in

---

1. After we handed down an opinion in this case, the Missouri Supreme Court sustained the state's and defendant's applications for transfer and simultaneously retransferred the case to this court for reconsideration in light of *State v. Wise,* 879 S.W.2d 494, 520 (Mo. banc 1994). After a thorough reading of *Wise,* we find it distinguishable. In *Wise,* the appellant failed to preserve the issue and requested plain error review. Here, defendant preserved the issue for appellate review. *See State v. Smoot,* 860 S.W.2d 799 (Mo.App. 1993).

the apartment, given that the evidence showed that he did not have a valid license or privilege to be there. Point denied.

In his sixth point, defendant asserts that his conviction for the armed criminal action count that accompanied the burglary charge must be reversed. Defendant argues that the State failed to prove that he committed burglary with the aid of the knife. We disagree.

■ Section 571.015, RSMo 1986 states that "... any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action...." Accordingly, the use of a dangerous instrument or deadly weapon is an element of the crime. *State v. Reynolds,* 819 S.W.2d 322, 328 (Mo. banc 1991).

Viewed in the light most favorable to the verdict, the evidence showed that defendant unlawfully remained on the premises when he was not licensed to do so. While on the premises, defendant stole a knife. The knife was used by defendant to threaten and otherwise intimidate victim. Through use of the knife, defendant was able to prolong his unlawful stay on the premises. We find that reasonable jurors could have found that defendant unlawfully remained in the apartment by, with, or through the use, assistance, or aid of the knife, thereby committing armed criminal action. Point denied.

Although not necessary to the disposition of this appeal, we address defendant's fourth point on appeal because it deals with an issue which is likely to arise upon retrial.

■ In his fourth point, defendant alleges that the trial court erred in denying his motions to suppress the evidence obtained from his duffel bag. Defendant argues that the warrantless search of his duffel bag violated his right to be free from illegal searches and seizures. Defendant claims that he had an expectation of privacy in his duffel bag and that Mrs. Forde, the owner of the house in which the duffel bag was found, could not consent to its search. We disagree.

The record reflects that on October 13, 1991, Detective Tyrone Thompson, in his search for defendant, went to the home of Barbara Forde. Mrs. Forde said that she knew defendant; that he had been painting her house; that he did not stay at her house; and defendant's belongings were in her basement. Mrs. Forde said the officers could go into her basement, look at defendant's stuff, and take it. In the basement, Detective Thompson found defendant's duffel bag, which was clamped shut. Detective Thompson opened the bag and found the knife which was used in the charged offenses.

The question before us is whether Mrs. Forde could validly consent to the search of the duffel bag. We find that she could.

Searches undertaken with the consent of one with dominion over the property are a well recognized exception to the warrant requirements of the Fourth Amendment. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). "The requisite consent to search may be given by a third party who possesses 'common authority' over the premises or effects." *State v. White,* 755 S.W.2d 363, 366 (Mo.App.1988). "[T]he consent of one who possesses common authority over premises or effects is valid as against the absent person with whom that authority is shared." *State v. Bunch,* 787 S.W.2d 859, 861 (Mo.App.1990).

In the present case, consent to search the duffel bag was not given by defendant but "when the prosecution seeks to justify a warrantless search by proof of a voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock,* 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242, 246 (1974).

In *United States v. Buckles,* 495 F.2d 1377 (8th Cir.1974), a woman consented to the search of her home. The police found jackets belonging to the defendants, which the woman disclaimed ownership of. When a search of the jackets revealed probative evidence, the Eighth Circuit rejected the contention that the woman could not consent to a search of the jackets, which were the per-

sonal property of the defendants, even though she disclaimed ownership of them. *Id.* at 1382. In *Buckles,* the authority to consent to the search of the personal items was upheld because they were items which freely came into the hands of the authorities by one who had the right to make them available to them. Accordingly, we are of the opinion that the search of the duffel bag did not violate the Fourth Amendment because it was reasonable to recognize that Mrs. Forde had the right to permit inspection and that defendant had assumed the risk that Mrs. Forde might do so. Point denied.

The judgment is reversed and the case remanded for new trial. Defendant's appeal from the denial of his Rule 29.15 motion is dismissed as moot.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.