**STATE of Missouri, Respondent,**

v.

**Larry D. POINTER, Jr., Appellant.**

**No. 47275.**

Missouri Court of Appeals,
Western District.

Sept. 20, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 1, 1994.

Application to Transfer Denied
Dec. 20, 1994.

Stephen J. Harris, Office of the State Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and ULRICH and SPINDEN, JJ.

KENNEDY, Presiding Judge.

■ Larry D. Pointer was convicted upon jury trial of first degree murder, section 565.020.1, RSMo Supp.1990. There was evidence he shot his victim to death, and that he was intoxicated at the time. The court, over Pointer's objection, gave to the jury an instruction based on MAI–CR3d 310.50, which read: "You are instructed that an intoxicated or a drugged condition whether from alcohol or drugs will not relieve a person of responsibility for his conduct."

In giving this instruction, the trial court committed reversible error. *State v. Erwin,* 848 S.W.2d 476 (Mo. banc), *cert. denied,* —— U.S. ——, 114 S.Ct. 88, 126 L.Ed.2d 56 (1993), held the instruction violated defendant's Constitutional due process rights because it might be interpreted by the jury to relieve the State of its burden to prove defendant's mental state. *State v. Erwin* said, "This ruling shall be applicable only in cases tried in the future and cases now subject to direct appeal where the issue is preserved that MAI 3d 310.50 violated due process because it relieved the [S]tate of its burden of proof as to the requisite mental state." *Id.* at 484. The present case was pending on appeal in this court at the time *State v. Erwin* was decided on February 23, 1993. The issue was preserved in defendant's motion for a new trial, and in his brief here, that the instruction violated due process because it relieved the State of its burden to prove defendant's requisite mental state at the time he shot his victim to death. The erroneous instruction requires reversal and remand for a new trial. *State v. Fanning,* 874 S.W.2d 401 (Mo.App.1994).

Judgment reversed and cause remanded for a new trial.

All concur.

PER CURIAM.

The above case was transferred by the Supreme Court, then retransferred to this court for re-consideration in the light of *State v. Wise,* 879 S.W.2d 494 (Mo. banc 1994).

In *State v. Wise,* defendant was held not to have preserved for appellate review the alleged trial court error in giving MAI–CR3d 310.50. *Id.* at 519.

In our case, also, the attorney general argues, defendant failed to preserve the issue "that MAI–CR3d 310.50 violated due process because it relieved the state of its burden of

proof as to the requisite mental state." *Erwin*, 848 S.W.2d at 484.

One could wish that defendant had had the *Erwin* language before him when he drafted his motion for a new trial. (*Erwin* was decided after the motion for new trial was filed, heard and overruled.) If the allegation of error in his new trial motion had tracked the *Erwin* language, we could go directly to the merits of the point without pausing to consider the preliminary issue of preservation. We scrutinized the language of the Pointer motion for a new trial in our original opinion, and now have re-examined it, for the substance and intent of the allegation of error with respect to the instruction. The error was duly preserved for review under the *Erwin* standard. Our rules for preservation of error for review are applied, not to enable the court to avoid the task of review, nor to make preservation of error difficult for the appellant, but, to enable the court—the trial court first, then the appellate court—to define the precise claim made by the defendant. In this case, there can be no doubt, mistake or misunderstanding but that defendant's motion for a new trial complained of the giving of MAI–CR3d 310.50 on the same grounds as those for which *Erwin* held the giving of the instruction was a denial of due process.

Allegations of new trial motions, very close in their language to the language in Pointer's allegation with respect to the giving of MAI–CR3d 310.50, were held by the Eastern District to preserve the *Erwin* point. *State v. Rollins*, 882 S.W.2d 314 (Mo.App.E.D.1994); *State v. Smoot*, 860 S.W.2d 799 (Mo.App. 1993).

In *Wise*, the court, after holding that defendant there had not preserved the *Erwin* point, said that a "gratuitous review" of the non-preserved point revealed that any error in giving MAI–CR3d 310.50 was not prejudicial to defendant. *Wise*, 879 S.W.2d at 519. The court thus indicates that it had reviewed the point under the higher threshold of plain error. Rule 29.12(b). Non-preserved error is reversible error only if it results in "miscarriage of justice or manifest injustice." Rule 29.12(b).

The attorney general says the giving of MAI–CR3d 310.50 was harmless error. The same claim was made in *Erwin*. The court answered in these terms:

> Other instructions were given which correctly gave defendant a presumption of innocence and placed the burden of proof on the state as to all elements of the crime of second degree murder including whether defendant acted knowingly. However, an instruction relating to specific evidence which may be read to relieve the state of its burden of proof as to a mental state is not cured by another general instruction placing the burden on the state. The two instructions are contradictory. A jury is as likely as not to resolve the contradiction favorable to the state. That likelihood requires the court to grant relief. *Francis v. Franklin*, 471 U.S. 307, 322, 105 S.Ct. 1965, 1975, 85 L.Ed.2d 344 (1985).

> If the giving of the instruction is error, it will be held harmless only when the Court can declare its belief that it was harmless beyond a reasonable doubt. *Rose v. Clark*, 478 U.S. 570, 583, 106 S.Ct. 3101, 3109, 92 L.Ed.2d 460 (1986). Where a substantial issue exists regarding the defendant's state of mind, it is impossible to say the error is harmless beyond a reasonable doubt. *Erwin*, 848 S.W.2d at 483.

In the Pointer trial, the instruction was emphasized in argument to the jury. Defendant's brief points out seven direct references to the instruction in the prosecutor's jury argument. The possibility of prejudice to defendant is more than theoretical; it is palpable.

There is no inconsistency between *State v. Wise* and our decision in the present case, and we re-adopt our original opinion. Judgment reversed and cause remanded for a new trial.

All concur.