# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1145

_____

| | | |
|---|---|---|
| Christopher L. Carroll, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Dora B. Schriro, Director, Department | * | |
| of Corrections; Jeremiah (Jay) W. | * | |
| Nixon, Attorney General of the State | * | |
| of Missouri, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  December 14, 2000

Filed:  March 16, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and HANSEN,
     Circuit Judges.

_____

WOLLMAN, Chief Judge.

     Christopher L. Carroll appeals from the district court's[1] denial of his petition for
a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  We affirm.

_____

     [1]The Honorable Russell G. Clark, United States District Judge for the Western
District of Missouri.

# I.

On March 1, 1995, a jury convicted Carroll of forcible sodomy under Missouri Revised Statutes section 566.060, and he was subsequently sentenced to thirty years of imprisonment as a prior offender. The conviction stemmed from events that occurred on July 18, 1993, when Carroll and the victim, Jill Brownfield, who was at one time Carroll's girlfriend, spent the evening together. Carroll and Brownfield had had an unstable intimate relationship that was marked by loud arguments, the drinking of alcohol, and occasional violent behavior.

During the evening hours of July 17, 1993, Brownfield and Carroll dined together and then visited at a friend's trailer home, where an acquaintance, Randy Orr, was also present. While at the trailer, Brownfield refused Carroll's repeated requests that she stay the night with him. Brownfield then got into her car and fell asleep. When she awoke, Carroll was in the car with her, rubbing her leg "and different things." She slapped Carroll, whereupon he grabbed the car keys and threw them out of the vehicle. Carroll subsequently dragged Brownfield out of the car, across a gravel driveway, and into a field, where he beat her, briefly penetrated her vagina with his penis, and then, kneeling on her arms, placed his penis in her mouth and ejaculated. Brownfield then gathered her clothes and returned to the trailer, with Carroll following. Once inside the trailer, Carroll put a gun to his head and lamented his actions. After Carroll ceased this suicidal behavior, the owner of the trailer drove Brownfield to her apartment, from where she called the police. Carroll did not testify at trial. The jury acquitted him of a charge of forcible rape, but found him guilty of forcible sodomy.

The Missouri Court of Appeals consolidated and affirmed both Carroll's appeal from his conviction and the denial of his motion for post-conviction relief, setting forth its reasoning in an unpublished memorandum. It determined that Carroll's direct appeal of a jury instruction issue was waived and then rejected his two ineffective assistance of counsel claims on post-conviction review. A subset of these claims was presented

in Carroll's habeas petition to the federal district court, which subsequently granted a certificate of appealability on three issues.

Carroll contends that: (1) he received the ineffective assistance of counsel at trial in violation of the Sixth Amendment because his lawyer failed to effectively cross-examine Brownfield and Orr; (2) his claim that jury instruction number eight violated his constitutional rights is not procedurally barred from review; and (3) he received ineffective assistance of counsel regarding the jury instruction issue.

## II.

We may issue a writ of habeas corpus pursuant to section 2254 only if the state court's adjudication of the claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d) (2000). In this case, the standard requires us to affirm unless the state court's application of what it correctly cited as the appropriate federal law is "objectively unreasonable." See Williams v. Taylor, 529 U.S. 362, 409 (2000). We may not issue a writ simply because we conclude that the state court decision constituted an erroneous or incorrect application of the law. Id. at 411. We review the district court's findings of fact for clear error and its conclusions of law de novo. Richardson v. Bowersox, 188 F.3d 973, 977 (8th Cir. 1999).

### A. Cross-Examination

Carroll first contends that his trial counsel was constitutionally ineffective during cross-examination of Brownfield and Orr. To succeed on this claim, Carroll must show that the Missouri courts unreasonably applied United States Supreme Court precedent regarding ineffective assistance of counsel claims. See 28 U.S.C. § 2254(d).

According to that precedent, Carroll was required to demonstrate that counsel's performance was deficient and that he was prejudiced by that deficient performance. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To demonstrate that counsel's error was prejudicial, Carroll was required to show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The Missouri Court of Appeals applied Strickland and then determined that Carroll had not demonstrated the necessary deficient performance and prejudice.

Carroll argues that his trial counsel should have introduced two prior inconsistent statements, one from Brownfield and one from Orr. Brownfield had stated at a deposition that it was "a possibility" that Carroll had stayed with her at her apartment during the night prior to the incident, but her testimony at trial was otherwise. Carroll contends that the introduction of Brownfield's prior statement would have eroded her credibility and cast doubt on the prosecutor's assertion that Brownfield had been ending her relationship with Carroll. The Missouri Court of Appeals observed that it had already been established that Brownfield and Carroll had had consensual sexual relations a few days prior to the offense. The court thus determined that Brownfield's prior statement would be cumulative evidence regarding the relationship and its status. The court concluded that counsel was thus not ineffective for not presenting the statement and that, in any event, the omission of this statement did not prejudice Carroll.

We cannot say that the state court's decision regarding Brownfield's prior statement is an unreasonable application of Strickland. The additional statement would have added little to Carroll's consent defense. The couple's turbulent relationship had been established, as had the fact of consensual sexual relations earlier in the week, and it was undisputed that Brownfield had accompanied Carroll to the trailer voluntarily. The record reveals that Brownfield's credibility was indeed questioned and that her

memory of the days preceding the event was shown to be imprecise. We therefore agree with the district court's conclusion that the state court did not unreasonably apply Strickland when it determined that Carroll had not established that he suffered prejudice as a result of his counsel's failure to introduce Brownfield's statement.

Orr testified that he did not see Brownfield and Carroll kiss when he was at the trailer. Orr had previously told an investigator that the two had been "kissing on several occasions" during that time period. Carroll argues that the admission of this prior statement would have bolstered his consent defense, and he notes that trial counsel himself agreed that it was "important" evidence. Although Orr's statement that the two had been behaving like lovers shortly before the offense may have provided some minimal support for Carroll's defense, only Carroll and Brownfield could testify about the events that occurred outside the trailer and in the car, the crucial moments preceding the events that gave rise to the charges against Carroll. Additionally, Orr did testify that Carroll and Brownfield were behaving affectionately toward each other in the trailer. Accordingly, the Missouri court's conclusion that Carroll was not prejudiced by his counsel's failure to present Orr's prior statement was not an unreasonable application of Strickland.

### B. Jury Instruction

### 1. Direct Appeal/Procedural Default

Carroll argues that jury instruction eight eliminated the element of intent because it lacked a certain optional paragraph. In evaluating Carroll's claim, the Missouri Court of Appeals found it to be waived on direct appeal because Missouri Supreme Court Rule 28.03 (1994)[2] provides that to preserve an instruction-based claim, a specific

---

[2]At the time of trial, Rule 28.03 provided:
A party may, but is not required to, object specifically or generally on the record to the refusal of any instruction or verdict form which he has

objection must be made at trial or in a motion for new trial, which Carroll conceded had not been done. Carroll's trial counsel objected generally to a number of jury instructions during trial and in a new trial motion, but did not specifically raise a claim concerning the optional paragraph and the issue of mental state. The court therefore refused to reach the merits of Carroll's claim.

The district court concluded that the Missouri court's application of Rule 28.03 to bar review of Carroll's claim on direct appeal was an adequate and independent state procedural ground that barred federal court review. See Ford v. Georgia, 498 U.S. 411, 422-24 (1991); Harris v. Reed, 489 U.S. 255, 264 (1989). Carroll argues that the rule is not regularly and consistently applied, and thus should not bar consideration of his claim on the merits, see James v. Kentucky, 466 U.S. 341, 348-49 (1984) (procedural rule must be firmly established and regularly followed). He references the cases of State v. Smoot, 860 S.W.2d 799 (Mo. Ct. App. 1993), and State v. Rollins, 882 S.W.2d 314 (Mo. Ct. App. 1994), which he claims demonstrate that Rule 28.03 is not regularly followed by the Missouri courts, and moreover, that his objection in his motion for new trial was sufficient under that rule as properly applied.

The district court concluded that the state rule regularly required a specific jury instruction objection to be made at trial or in a new trial motion, see, e.g., State v. Storey, 901 S.W.2d 886, 896 (Mo. 1995) (en banc); State v. Nolan, 872 S.W.2d 99, 103 (Mo. 1994) (en banc), and that Carroll had failed to demonstrate that the state

requested, or to instructions or verdict forms to be given at the request of any other party, or to instructions or verdict forms which the court on its own initiative has given or failed to give. However, specific objections to given or refused instructions and verdict forms shall be required in motions for new trial unless made on the record at the time of trial. Objections made at time of trial to the giving or refusing of instructions and verdict forms may be supplemented or enlarged in motions for new trial.

courts did not consistently enforce this rule. We agree. Both of the cases cited by Carroll involve a voluntary intoxication instruction that stated that such a condition "will not relieve a person of responsibility for his conduct," an instruction the Missouri Supreme Court had found to violate due process because it excused the State from proving mental state beyond a reasonable doubt. Rollins, 882 S.W.2d at 315-16; Smoot, 860 S.W.2d at 801. In both Smoot and Rollins, the state court's decision noted that a constitutional objection to the jury instruction, which itself specifically focuses on mental state, had been included in the motion for a new trial. Rollins, 882 S.W.2d at 316. Making such a sufficiently precise objection is precisely what the state court determined that Carroll had failed to do because he did not pinpoint the mental state issue. Cf. Smoot, 860 S.W.2d at 800-01 (finding claim not waived when defendant objected at trial to instruction because "the defendant did not testify that [the condition] interfered with his thinking" and in new trial motion added constitutional language). Carroll has not shown that the state's independent rule was not firmly established and regularly applied, thus federal habeas review on the merits is barred.

Carroll argues in the alternative that he has shown sufficient cause and actual prejudice to excuse his procedural default, see Coleman v. Thompson, 501 U.S. 722, 750 (1991), because his trial counsel was ineffective for failing to specifically raise the claim. Carroll contends that without the optional paragraph, the jury instruction allowed the jury to speculate on his mental state rather than requiring it to find the intent prescribed by the statute and thus to convict him for criminally negligent conduct. See Mo. Rev. Stat. §§ 566.060 (outlining forcible sodomy without a specified element for mental state), 562.021 ("[I]f the definition of an offense does not expressly prescribe a culpable mental state, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly or recklessly, but criminal negligence is not sufficient.") (1991).

Jury instruction eight included the following language:

As to Count II [forcible sodomy], if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 18th day of July, 1993, in the County of Greene, State of Missouri, the defendant placed his penis in the mouth of Jill K. Brownfield, and

Second, that such conduct constituted deviate sexual intercourse, and

Third, that defendant did so without the consent of Jill K. Brownfield by the use of forcible compulsion,

then you will find the defendant guilty under Count II of forcible sodomy.

. . .

Consent or lack of consent may be expressed or implied. Assent does not constitute consent if it is induced by force or duress. "Forcible compulsion" means physical force that overcomes reasonable resistance or a threat, expressed or implied, that places a person in reasonable fear of death or serious physical injury of herself.

Optional paragraph four states:

Fourth, that defendant (knew that he was engaging in the conduct described in paragraph First without the consent of [name of victim] by forcible compulsion) (or) (consciously disregarded a substantial and unjustifiable risk that he was engaging in the conduct described in paragraph First without the consent of [name of victim] by forcible compulsion, and such disregard constituted a gross deviation from the standard of care which a reasonable person would have exercised in the situation), and . . . .

As quoted by the state court, the "notes on use" to the approved model jury instruction provide:

4. Since the statute does not prescribe a culpable mental state, the crime is committed if the defendant either "knew" that the victim was not consenting due to forcible compulsion or acted recklessly with regard thereto. Section 562.021.2, RSMo 1986. Optional paragraph (Fourth)

-8-

may be given on the Court's own motion, and it must be given if requested by defendant and, from the evidence or absence thereof, it could reasonably be inferred that the victim consented or that the defendant believed that the victim consented. The mental state submitted must be "recklessly" unless the prosecutor elects to submit the higher mental state of "knowingly."

Passing the question of cause, we are satisfied that Carroll has failed to show that he suffered actual prejudice from the omission of the optional paragraph. To establish prejudice sufficient to excuse a procedural default, Carroll must show that "the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis omitted); Luton v. Grandison, 44 F.3d 626, 628 (8th Cir. 1994). The record is devoid of any evidence supporting Carroll's defense of consent or his claim that his conduct was merely criminally negligent. The evidence is consistent only with the use of physical force and not with perceived consent, particularly given the evidence of dragging and beating and of Carroll's actions in kneeling on Brownfield's arms to accomplish his act of oral copulation. Carroll's immediate apparent remorse for his actions indicates that he knew that Brownfield was not a willing participant in the open-field sexual attack that he had made upon her. Thus, the absence of the optional paragraph from instruction eight could not possibly have resulted in the type of prejudice necessary to excuse a procedural default.

## 2. Ineffective Assistance of Counsel

The state court concluded that Carroll's trial counsel was not ineffective for failing to request the optional paragraph. Trial counsel had testified that he believed that the optional paragraph would have allowed Carroll to be convicted of a lesser level of intent, namely, recklessness, than the instruction as given required. The court observed the ample evidence of force used against Brownfield and noted that the

optional paragraph, designed to address reckless conduct and situations where consent or the defendant's belief in consent may be reasonably inferred, was not applicable to the facts, and thus Carroll had not shown sufficient prejudice.

To succeed on a claim of ineffective assistance of counsel under <u>Strickland</u>, Carroll was required to show that he was prejudiced by his counsel's actions. <u>Strickland</u>, 466 U.S. at 687, 694. In light of the evidence summarized above, the Missouri court's conclusion that there was no reasonable probability that the outcome would have been different had the optional paragraph been included is not an unreasonable one, and thus Carroll's argument fails.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.