**STATE of Missouri, Plaintiff–Respondent,**

v.

**Donnie M. EMMERT, Defendant–Appellant.**

**No. 24870.**

Missouri Court of Appeals, Southern District, Division Two.

Dec. 13, 2002.

Craig A. Johnston, Assistant State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Patrick Morgan, Asst. Atty. Gen., Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

Donnie Emmert ("Appellant") was convicted, following a jury trial, of three counts of assault of a law enforcement officer in the second degree, § 565.082 [1], and one count of property damage in the first degree, § 569.100. He was sentenced to consecutive terms of imprisonment of fifteen, five, and ten years on the three assault counts, and a concurrent sentence of one year imprisonment with a $500 fine on the property damage count. Appellant contends the trial court committed plain error in failing to declare a mistrial sua sponte because during opening and closing arguments the state argued to the jury that they should decide which degree of assault Appellant had committed based on the ranges of punishment for each degree of assault. Appellant argues that statements made during the state's arguments led the jury to consider the amount of punishment rather than the facts and elements in determining which degree of assault to convict Appellant. We decline to grant plain error review of Appellant's appeal and affirm the judgment of conviction.

The sufficiency of the evidence is not in dispute, therefore the facts in the light most favorable to the verdict are stated herein. On November 21, 1999, at approximately 2:45 a.m., Corporal Bryan DiSylvester and Officer Jennifer Holt of the Springfield Police Department were patrolling motel parking lots due to a rash of vehicle break-ins. In the parking lot of one motel the officers noticed Appellant, who was driving a white Ford pickup truck, acting suspiciously. The officers followed Appellant as he drove to other motel parking lots and, after checking the truck's license plate number, discovered the plate had been reported as lost or stolen.

The officers decided to stop the truck and activated their police vehicle's strobe lights. After pulling in behind Appellant's parked truck, Corporal DiSylvester exited the police vehicle and yelled "Police." Appellant then started the truck and, despite Corporal DiSylvester's command "turn it off," rapidly backed up and struck the police vehicle. Appellant then began driving toward Corporal DiSylvester, who was

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

between the truck and a white Ford Taurus. The officers had their guns drawn and Corporal DiSylvester screamed "stop, police," but the truck continued moving toward Corporal DiSylvester. Corporal DiSylvester was able to jump out of the way and the oncoming truck hit the white Taurus. Appellant drove out of the parking lot while the officers followed in their damaged police vehicle. They radioed for help and other Springfield Police Department officers took over the pursuit.

Corporal Ronnie Long joined the chase and arrived at an intersection before Appellant and the pursuing officers. Corporal Long observed Appellant slide through the intersection toward a pole. Corporal Long stopped on the side of the street, began to exit his police vehicle, but had to jump back into his vehicle when the truck swerved away from the pole and turned towards him. The truck struck the driver-side door and mirror of the police vehicle. Officer Long was not injured, Appellant drove away.

Corporal Robert Schroeder joined the chase and through radio transmissions was able to anticipate the truck's route. He parked his patrol vehicle on the side of the road, where he expected the truck to travel, and threw a tire deflation device over the street. As Appellant approached the tire deflation device, he swerved towards Corporal Schroeder, but Corporal Schroeder was able to retreat to the curb uninjured. When Appellant reached the tire deflation device, he noted three of the truck's tires were punctured and, ultimately, deflated. Eventually, the truck slowed to about five miles per hour. Appellant jumped out of the truck, ran and was apprehended after a short foot chase.

Counts I, II, and III of the felony information charged Appellant with assault of a law enforcement officer in the first degree for attempting to run over Corporal DiSylvester, Corporal Long, and Corporal Schroeder, respectively. Count IV charged Appellant with property damage in the first degree for damage to Corporal DiSylvester and Officer Holt's police vehicle.

■ In his one point on appeal, Appellant claims that statements made by the state during opening and closing arguments caused the jury to convict Appellant of assault of a law enforcement officer in the second degree based on the ranges of punishment for each degree of assault, rather than based on the elements of each offense and the facts of the case. The jury instructions presented the jury with the options of convicting Appellant of assault of a law enforcement officer in the first degree [2], second degree [3] or third degree [4].

---

**2.** Section 565.081.1 provides: "A person commits the crime of assault of a law enforcement officer in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to a law enforcement officer."

**3.** Section 565.082.1 provides that the offense of assault of a law enforcement officer in the second degree is committed if a person:
(1) Attempts to cause or knowingly causes physical injury to a law enforcement officer by means of a deadly weapon or dangerous instrument;
(2) Recklessly causes serious physical injury to a law enforcement officer; or

(3) While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and when so operating, acts with criminal negligence to cause physical injury to a law enforcement officer.

**4.** Section 565.083.1 provides that a person commits assault of a law enforcement officer in the third degree when:
(1) He attempts to cause or recklessly causes physical injury to a law enforcement officer;
(2) With criminal negligence he causes physical injury to a law enforcement officer by means of a deadly weapon;

During opening arguments the prosecutor, while explaining the differences between these offenses, stated:

Now the other alternatives, and remember, remember, start at the top. You're going to end at the top. These are the other options, I'm telling you how they don't fit. These are the three options available to you, are misdemeanors. [sic] Maximum punishment, one year in jail. One year for trying to kill three officers. That alone makes it inappropriate. However, let's talk about these others in more detail about the elements.

During closing arguments, the prosecutor stated:

Well let me do something with you just a second. I want you to get just a little bit of perspective on this case. And why we are so adamant that this is first degree and not third degree. You know what this is for, these misdemeanors? That's for those situations that every cop gets into from time to time where you've got somebody fighting you, that's kicking at the officer. He puts his hand back like he's going to make a fist and puts you in apprehension that he's going to hit you, maybe he doesn't. It's the barroom brawl where the guy takes a dangerous instrument, a beer bottle, and he's going to swing it at the officer. That's what this stuff is for. It's for the car chases where all the guy does is run, he never affirmatively becomes the attacker. That's what this is about. That's what the misdemeanors are about.

. . . .

(3) He purposely places a law enforcement officer in apprehension of immediate physical injury;
(4) He recklessly engages in conduct which creates a grave risk of death or serious physical injury to a law enforcement officer; or

This is the time when we need to say why the legislature made this the most important level, not the lowest criminal offense misdemeanor, but why trying to kill an officer is rated the tope of the list, an A felony.

Appellant asserts that these statements had a decisive effect on the jury in that the evidence did not support Appellant's convictions for assault of a law enforcement officer in the second degree. We disagree and find Appellant's failure to object to the arguments at trial fatal to his appeal.

■ Appellant admits he did not object to the state's statements at trial, nor did he raise the issue in his Motion for New Trial, therefore his claim is not preserved for appeal. *State v. Clay*, 975 S.W.2d 121, 134 (Mo. banc 1998). Because his claim is not preserved for appeal, Appellant cannot be afforded relief on appeal unless plain error occurred. *State v. Clemmons*, 753 S.W.2d 901, 907 (Mo. banc 1988).

■ Trial error improperly preserved is not always entitled to plain error review. *State v. Williams*, 66 S.W.3d 143, 157 (Mo. App. S.D.2001). An allegedly improper argument warrants relief on plain error review only when it has a decisive effect on the jury. *State v. Reynolds*, 997 S.W.2d 528, 533–34 (Mo.App. S.D.1999). Relief should rarely be granted on assertion of plain error as to matters contained in closing argument because trial strategy is an important consideration and such assertions are generally denied. *State v. Wood*, 719 S.W.2d 756, 759 (Mo. banc 1986).

We find no grounds for relief here. Without deciding whether the state's argu-

(5) He knowingly causes or attempts to cause physical contact with a law enforcement officer without the consent of the law enforcement officer.

ments were improper, we do not believe the jury's verdict would have been different absent the prosecutor's statements. Given the abundance of evidence that Appellant attempted to cause physical injury to a law enforcement officer by means of a dangerous instrument, we do not find that the statements had a decisive effect on the jury. The evidence is clear that Appellant was informed that the police were stopping him in the first instance. He drove directly toward Corporal DiSylvester and refused to stop when ordered to do so. Appellant then drove his car toward Corporal Long and hit the driver-side door and mirror of the police vehicle. To avoid a tire deflation device, Appellant drove toward Corporal Schroeder. Because we find that the challenged statements had no decisive effect on the outcome of the case, we decline to review the point for plain error. Appellant's point is denied.

The judgment of the trial court is affirmed.

PARRISH and SHRUM, JJ., concur.