**STATE of Missouri, Plaintiff–Respondent,**

v.

**Joshua T. PRATTE, Defendant–Appellant.**

**No. SD 30532.**

Missouri Court of Appeals,
Southern District,
Division One.

July 22, 2011.

Kent Denzel, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and, Karen L. Kramer, Assistant Attorney General, Jefferson City, MO, for Respondent.

DON E. BURRELL, Judge.

Joshua T. Pratte ("Defendant") was convicted after a bench trial of the class B felony of second-degree robbery. *See* section 569.030.[1] In a single point relied on, Defendant now appeals his conviction, claiming the trial court committed plain error when it considered Defendant's confession in determining his guilt because "there was no independent proof of the corpus delicti of the offense[.]" Specifically, Defendant alleges that while the State independently "could show [ ] that [the victim] was injured; it offered no evidence that any of his property was taken."

Because circumstantial evidence independent of Defendant's confession confirmed matters related in that confession, the trial court rightly considered both in determining that the corpus delicti had been established and that Defendant's confession could be considered in determining whether he was guilty of the crime charged.

## Standard of Review

Defendant concedes that the issue he now raises was not preserved for appellate review because he failed to object to the admission of his statements at trial. *See State v. Phelps,* 965 S.W.2d 357, 358 (Mo. App. W.D.1998). As a result, Defendant seeks plain error review under Rule 30.20.

> Plain error is error that is evident, obvious, and clear. [*State v. Taylor,* 166 S.W.3d 599, 604 (Mo.App. S.D.2005)]. A claim of plain error places a much greater burden on a defendant than an assertion of prejudicial error. *Id.* at 603. Plain error and prejudicial error are not synonymous terms, and mere allegations of error and prejudice will not suffice for reversal under plain error review. *State v. Goudeau,* 85 S.W.3d 126, 130 (Mo.App. S.D.2002). Plain error is to be applied sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review. *State v. Roberts,* 948 S.W.2d 577, 592 (Mo. banc 1997).

*State v. Wright,* 216 S.W.3d 196, 199 (Mo. App. S.D.2007).

We use a two-step process when reviewing a claim of plain error. *State v. Stanley,* 124 S.W.3d 70, 77 (Mo.App. S.D.2004). First, we must determine whether the asserted claim facially establishes substantial grounds for believing that a manifest injustice or miscarriage of justice has occurred. *Id.* If we determine that such a facial showing has been made, we then determine whether a manifest injustice or miscarriage of justice has actually oc-

---

1. Unless otherwise indicated, all statutory references are to RSMo 2000. All rule references are to Missouri Court Rules (2011).

curred. *Id.* Defendant claims that a manifest injustice would result if his conviction is allowed to stand because "without his inadmissible statements, there would not have been sufficient evidence to find him guilty beyond a reasonable doubt." [2]

In conducting our review, we accept as true all evidence tending to prove Defendant's guilt, together with all favorable inferences that can reasonably be drawn from that evidence; we also disregard all contrary evidence and inferences. *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989). The question then becomes whether "the evidence, so viewed, was sufficient to make a submissible case from which [a] rational [fact-finder] could have found beyond a reasonable doubt that [the] defendant was guilty." *State v. Miller,* 139 S.W.3d 632, 635 (Mo.App. S.D.2004). The following recitation of the relevant facts is in accordance with that standard.

### Facts

On June 14, 2008, Springfield police officers responded to a tip that a fight was likely to take place behind the Kum & Go convenience store at 609 E. Elm in Springfield. When officers arrived on the scene, they found Douglas Spurgeon ("Victim") seated on the sidewalk outside the store. Victim's face was bloody, and his left eye, which had a gash over the top of it, was nearly swollen shut. Based on what he was told by Victim, officer Chris Nuccio asked other officers to locate three individuals.

Those three individuals, Defendant and two of his friends, were then located in downtown Springfield and detained. Officer Christina Farrand observed that Defendant and his friends had blood on their tennis shoes and that Defendant was agitated and "yelling obscenities." After being handcuffed, Defendant said, "[name of one of his friends] didn't do nothing. It was me that beat the f* * * out of that drunk dude in the alley. It was me." Defendant said that Victim was "behind the Kum & Go" and "I hit him with a brick four times, I kicked him two times, and I hit him three times." Officer Nuccio arrived and arrested Defendant.

Officer Nuccio then returned to the convenience store to search for evidence. On the other side of a retaining wall located behind the convenience store was a semi-wooded area. In that area, officer Nuccio observed "a large spot of blood on the ground, blood smears on a [garage] wall, [ ] and [ ] a wallet and several ID cards on the ground." The ID cards had Victim's name on them and the wallet matched the description Victim had given of his wallet. The wallet did not contain any money. Officer Nuccio then went to the hospital to attempt to re-interview Victim, who was being treated for his injuries. During that re-interview, Victim "made some statements but wasn't very coherent." [3]

After waiving his *Miranda*[4] rights, Defendant was interviewed at the police station by Corporal Nathan Thomas. Defendant told officer Thomas that he hit Victim "once or twice" and wanted to see if Victim had any money. Defendant said he had seen Victim "begging," and that Victim had asked him for money three times that

---

2. Defense counsel did orally move for a "dismiss[al]" of the case after both parties had rested on the grounds that the State had failed to make a submissible case by failing to establish the corpus delicti and that without Defendant's statements, there was no evidence that Defendant "took anything" from the victim. The trial court later overruled the motion by means of a written docket entry.

3. Victim did not testify at trial.

4. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

360

day. Defendant said that he just "kind of snapped" when Victim asked him the last time for money, and Defendant hit him five-or-six times, then just walked away. Defendant said he looked in Victim's wallet, saw no money in it, and threw the wallet on the ground. Defendant said he did find about a dollar's worth of change in Victim's right, front pocket and gave it to one of his friends. Defendant said that his two friends "didn't do nothing."

## Analysis

■ The corpus delicti ("body of the crime") refers to the elements of the crime charged. *State v. Londagin*, 102 S.W.3d 46, 51 (Mo.App. S.D.2003); Black's Law Dictionary 346 (7th ed.1999). "A person commits the crime of robbery in the second degree when he forcibly steals property." Section 569.030.1. The existence of the corpus delicti cannot be presumed; to make a submissible case, the State must prove that the charged crime was actually committed by someone. *See State v. Summers*, 362 S.W.2d 537, 542 (Mo. banc 1962); *State v. Howard*, 738 S.W.2d 500, 504 (Mo. App. E.D.1987).

■ The corpus delicti rule is essentially a rule of evidence. "[I]t determines whether the defendant's confession of guilt may be considered substantive evidence of guilt." *Miller*, 139 S.W.3d at 637. Defendant's argument is based on our holding that "[e]xtrajudicial statements, admissions or confessions, are both inadmissible and insufficient to sustain a conviction unless there is independent proof, direct or circumstantial, of the essential elements of the corpus delicti." *State v. Garrett*, 829 S.W.2d 622, 626 (Mo.App. S.D.1992).

It is important to note, however, that the *corpus delicti* rule does not preclude all use of a defendant's confession in determining whether the elements of an offense have been proved. "[I]t is equally well established that full proof of

the corpus delicti independent of the defendant's extrajudicial confessions is not required." *State v. Nicks*, 883 S.W.2d 65, 68 (Mo.App.1994). "If there is evidence of corroborating circumstances independent of the confession, which tends to prove the offense by confirming matters related in the confession, both the corroborating circumstances and the confession may be considered in determining whether or not the corpus delicti has been established." *City of St. Louis v. Watters*, 289 S.W.2d 444, 446 (Mo.App.1956); *see also State v. Howard*, 738 S.W.2d 500, 504 (Mo.App. 1987); *Kansas City v. Verstraete*, 481 S.W.2d 615, 617 (Mo.App.1972). Thus, "[t]he substantive offense is sufficiently proven by independent evidence of circumstances that correspond and interrelate with the circumstances rendered in the statement or confession." *State v. Hammons*, 964 S.W.2d 509, 512 (Mo. App.1998). Only "slight corroborating facts" are needed to authorize the admission of a defendant's incriminating statements in evidence. *See State v. Thompson*, 333 Mo. 1069, 64 S.W.2d 277, 282 (1933); *State v. McGuire*, 327 Mo. 1176, 39 S.W.2d 523, 525 (1931).

*Miller*, 139 S.W.3d at 637.

Defendant complains that "the State did not show independently of [Defendant's] statements ... that any of [Victim's] property was taken." But, as set forth above, no such *independent* proof of stealing is required.

If there is evidence of corroborating circumstances which tends to prove the crime and corresponds with circumstances related in his confession, both the circumstances and the confession may be considered in determining whether the corpus delicti is sufficiently proved. If a confession is made which enables the state to discover corroborating evidence of the particular crime confessed, the corroborating evidence need

not be sufficient, independent of the confession, to establish complete proof that the crime is committed.

*State v. Morro,* 313 Mo. 98, 281 S.W. 720, 722 (1926)

■ Defendant's confession that he stole "about a dollar's worth of change" from Victim and gave it to one of his friends could be considered along with all of the other evidence in the case because his confession was supported by "slight corroborating facts[.]" *Thompson,* 64 S.W.2d at 282; *Miller,* 139 S.W.3d at 637. Consistent with the requirements of *Morro,* officer Nuccio's discovery of a wallet with no cash in it and identification cards in Victim's name in the area where the bloody assault had taken place "correspond[ed] with circumstances related in [Defendant's] confession[ ]"—that he hit Victim, he wanted to see if Victim had any money, he looked in Victim's wallet, and then he threw it to the ground when he saw that it was empty. *See* 281 S.W. at 722.

The sum of Defendant's confession and the other independent evidence (which corroborated certain portions of the statements Defendant made to the police) was sufficient to prove that a second-degree robbery had been committed. As a result, the corpus delicti had been established and Defendant's statements (including his confession that he forcibly beat Victim and stole his pocket change) was therefore admissible. The trial court did not err, plainly or otherwise, in considering Defendant's confession in determining that he was the person who committed the crime charged.

The judgment of conviction is affirmed.

BARNEY, P.J. and LYNCH, J., Concur.